Ex parte James W. PATTERSON.

No. 71961.

Court of Criminal Appeals of Texas,
En Banc.

June 28, 1995.

Frank Ginzel, Colorado City, for appellant.

Al Schorre, Dist. Atty., Midland, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MANSFIELD, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted following a plea of guilty of burglary of a building, in Cause No. CRA–14,569 in the 142nd Judicial District Court of Midland County. Applicant was sentenced to 5 years confinement pursuant to a plea agreement.

In this application for habeas corpus relief, Applicant contends the indictment upon which he was convicted is fundamentally de-

fective for failing to allege the name of the person alleged to have committed the offense.[1] The indictment states in pertinent part:

> THE GRAND JURY, ..., upon their oaths present in and to said court that *Burglary of a Building* hereinafter styled Defendant, on or about the *3rd* day of *January* A.D., *1988,* ..., did then and there intentionally and knowingly enter a building not then open to the public without the effective consent of [complainant], the owner, and therein attempted to commit and committed theft.

The trial court finds that Applicant did not object to the indictment or file a motion to quash the indictment before he was convicted of the offense. This Court filed and set this application to determine whether the failure of the indictment to name the person accused is a fundamental defect.

Whether a particular charging instrument constitutes an indictment within the meaning of the law must be determined with reference to Article V, Sec. 12(b) of the Texas Constitution. *Studer v. State,* 799 S.W.2d 263 (Tex. Cr.App.1990). Art. V, Sec. 12(b) of the Texas Constitution provides as follows:

> An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments, and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information invests the court with jurisdiction of the cause.

The trial court found that while the purported indictment in this case charges an offense, it does not charge *a person* with the commission of the offense, and therefore is not an indictment within the meaning of that term under Art. V, Sec. 12(b) of the Texas Constitution.

---

1. Applicant also alleges that he was denied his right under Article 42.18, § 14(a), V.A.C.C.P. to a parole revocation hearing. We find this allegation has no merit and deny relief on this claim.

In light of our opinion in *Cook v. State,* (No. 375–94) delivered this day, the failure of the charging instrument in the present case to charge a person with the commission of the offense renders it constitutionally invalid. Accordingly, the judgment of the trial court is vacated and the cause is remanded to that court with instructions to dismiss the prosecution in this cause.

WHITE and KELLER, JJ., dissent.

MEYERS, Judge, dissenting.

I once heard the story of a boy who liked to break into offices when they were closed. He would rearrange the furniture, put the coffeepot on the couch, or make some other change to baffle and surprise the tenants when they returned to work. Usually, they called the police to report a burglary, but none of the cases were ever investigated very well because nothing was ever taken and no damage was ever done. Still, to his friends, the boy came to be known by the nickname "Burglary of a Building."

I don't know what ever happened to the boy. Perhaps he turned out to be a real burglar later in life. Maybe he was eventually caught and prosecuted under his childhood nickname. Maybe he never really existed at all. But what puzzles me most is how Judge Mansfield and those who join his opinion in this case can be so certain that there is no one in this world named "Burglary of a Building."

The law requires that there be an arraignment in all felony cases. Tex.Code Crim. Proc. art. 26.01. Presumably, there was an arraignment in this case. "When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called[.]" Tex. Code of Crim.Proc. art. 26.07. Applicant in the instant cause must have been called by the name "Burglary of a Building," since that is the name stated in the indictment. If a defendant suggests at his arraignment that "he bears some name different than that stated in the indictment," the indictment must be changed accordingly. Tex.Code Crim.Proc. art. 26.08. But if he does not suggest that his name is incorrectly given, or if he suggests that it is but refuses to give his true name, then the case may proceed to trial under the name given by the indictment, and the defendant may not thereafter complain of the defect. Tex.Code Crim.Proc. arts. 26.07, 26.09. In the instant cause, that must have been what happened because the record does not reflect that the indictment was ever corrected.

If it is applicant's claim in the present proceeding merely that his name is not "Burglary of a Building," then he is entitled to no relief because the indictment need not state the defendant's name accurately in order to be an indictment within the meaning of the Constitution. At most, it must only state a name. If, on the other hand, it is applicant's position that no one is actually named "Burglary of a Building," then he has not only failed to prove his allegation, but would surely lose even if he had. The fact that no one in the world actually bears the name stated in an indictment is certainly irrelevant to its validity. Finally, if it is applicant's contention that "Burglary of a Building" cannot be a name, he is simply wrong. Parents can name their children pretty much anything they want. Take, for example, Moon Unit Zappa, the actress daughter of rock legend Frank Zappa. If a person can be named Moon Unit, then surely a person can be named Burglary of a Building as well.

The writ application in this case thus avers no facts which, if true, would entitle applicant to relief, and it ought to be dismissed without any other explanation.