Opinion filed October 2, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 2,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00099-CR

                                                       ________

 

                             ADAM
FLORES HERNANDEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR31015

 



 

                                             M
E M O R A N D U M   O P I N I O N








Adam
Flores Hernandez was convicted by a jury of the offenses of aggravated sexual
assault of a child and indecency with a child.  The trial court assessed his
punishment for each offense at thirty-five years in the Texas Department of
Criminal Justice, Institutional Division, to be served concurrently.  He
contends in three issues that (1) the evidence is legally insufficient to
support his conviction for the offense of indecency with a child by contact,
(2) the amended indictment with respect to the offense of indecency with a
child by contact is fundamentally defective because it fails to allege a
culpable mental state, and (3) the evidence is factually insufficient to
support his conviction for aggravated sexual assault of a child.  We affirm.  

Hernandez
contends in issue one that the evidence is legally insufficient to support his
conviction for the offense of indecency with a child by contact.  The
indictment alleges that Hernandez, with the intent to arouse and gratify his
sexual desire, engaged in sexual contact with the complainant, a child younger
than seventeen years of age, by then and there touching a part of her
genitals.  In order to determine if the evidence is legally sufficient, the
appellate court reviews all of the evidence in the light most favorable to
the verdict and determines whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979).  

The
complainant=s mother
testified that the complainant was thirteen years old at the time of trial. 
The complainant testified that on numerous occasions Hernandez, her uncle,
would come into the room where she was sleeping with her sister and touch her
both under and over her clothes.  She related that, on occasion, he would put
his finger inside her private part.  She said he never said anything to her,
and she never said anything to him.  She insisted that she was afraid to cry
out for fear she or her father would get in trouble as a result.  She indicated
that she finally confided to her mother what had been happening.  The
complainant=s mother
verified her daughter=s
testimony concerning her outcry.  We hold that the evidence is legally
sufficient to support Hernandez=s
conviction for indecency with a child.

Hernandez
contends that the evidence is insufficient because there is nothing from which
a rational jury could infer that Hernandez touched the complainant with the
intent to arouse and gratify his sexual desire.  As acknowledged by Hernandez,
the specific intent to arouse or gratify the sexual desire of a person can be
inferred from conduct, remarks, or all of the surrounding circumstances.  See
Couchman v. State, 3 S.W.3d 155, 163 (Tex. App.CFort Worth 1999, pet. ref=d).  We believe a rational
jury could infer from Hernandez=s
conduct of repeatedly coming in and touching the complainant on and in her
private parts while she slept that he did so with the intent to gratify and
arouse his sexual desire.  








Hernandez
states that to make such an inference is not clearly guided by reason,
fairness, principle, or logic, relying on Jackson, 443 U.S. at 319. 
There is nothing in Jackson supporting his contention that the jury=s inference from Hernandez=s conduct that he was
touching the complainant in order to satisfy his sexual desire was not clearly
guided by reason, fairness, principle, or logic.  We overrule issue one.

Hernandez
asserts in issue three that the evidence is factually insufficient to support
his conviction for aggravated sexual assault of a child.  The indictment
alleges that Hernandez intentionally and knowingly caused the penetration of
the complainant=s
female sexual organ by his finger and that the complainant was a child younger
than fourteen.  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light. Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996). Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence. Watson, 204 S.W.3d at 414-15;
Johnson, 23 S.W.3d at 10-11.  

Based
upon all of the evidence, including the evidence that we have previously
described, we hold that the evidence is factually sufficient to support
Hernandez=s conviction
for aggravated sexual assault of a child.  Hernandez argues that the evidence
is factually insufficient, referring us to evidence that no ASANE@ exam was conducted on the complainant; that
Hernandez had no memory of the events; that the complainant told her mother
about what had occurred in March or April 2005; that the incidents occurred
while the complainant was asleep in her bedroom with a younger sister asleep in
the same bed with her; and that, before these things happened, the complainant
got along pretty well with Hernandez when he was sober.  








We
would first note additional evidence contained in the record.  Detective Kay
Therwhanger of the Midland Police Department testified that the purpose of a ASANE@ test is to look for evidence.  She indicated
that she did not order such a test in this case because a thirteen-day delay
between the last event and the outcry meant that it would be unlikely to find
something, based upon the description of what had happened, and the fact that
such an exam is traumatic to a child.  According to Detective Therwhanger, when
confronted with what the complainant had alleged, Hernandez said that he could
not remember and that he said he was sorry to the complainant and to the
family.  As previously noted, the complainant testified she delayed her outcry
because she was afraid that otherwise either she or her father would get in
trouble.  She testified that her sister was Areally
pretty sleepy.@  The
complainant testified that she did not like being around Hernandez when he had
been drinking too much and was not sober.  Considering all of the testimony, we
hold that the evidence supporting the verdict is not so weak that the verdict
is clearly wrong or manifestly unjust and that the verdict is not against the
great weight and preponderance of the conflicting evidence.  We overrule issue
three.

Hernandez
argues in issue two that the amended indictment for the offense of indecency
with a child is fundamentally defective because it fails to allege a culpable
mental state.  The indictment includes the allegation that Hernandez committed
the offense with the intent to arouse and gratify his sexual desire.  Hernandez
presents his complaint concerning the indictment for the first time on appeal. 
By failing to object to the alleged defect in the indictment prior to the day
of trial, Hernandez forfeited his contention on appeal.  Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2005).  Hernandez contends that, if the indictment is fundamentally
defective, a complaint about its defective nature may be raised at any time. 
He relies on Ex parte Patterson, 902 S.W.2d 487 (Tex. Crim. App. 1995). 
We find that decision to be distinguishable.  In Patterson, the court
held that the relator could complain in a postconviction writ of habeas corpus
that the purported indictment in his burglary case failed to name the person
accused because, in the absence of the name of the person charged, it was not
an indictment within the meaning of the term under Article V, section 12(b) of
the Texas Constitution.  902 S.W.2d at 487-88.  In the case at bar, the
indictment names Hernandez as the person charged.  








Hernandez
contends that the rule in Patterson should extend to the failure to allege
a culpable mental state.  However, the Texas Court of Criminal Appeals has held
that the language in Article V,  section 12(b) of the Texas Constitution, Acharg[ing] a person with
the commission of an offense,@
does not mean that each element of the offense must be alleged in order to have
an indictment or information as contemplated by Article V, section 12(b).  Studer
v. State, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990).  Consequently, even
if the indictment fails to allege an appropriate culpable mental state, it is
still an indictment within the meaning of Article V, section 12(b).  Therefore,
as we have previously noted, by failing to make an objection prior to the day
of trial, Hernandez has forfeited such an objection on appeal.  We overrule
issue two.

The
judgment is affirmed.

 

PER CURIAM

 

October 2, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.