

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,862

### EX PARTE BILLY GEORGE REEDY, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. C-3-007676-0911735-A
### FROM THE CRIMINAL DISTRICT COURT NUMBER THREE
### OF TARRANT COUNTY

**PRICE, J., delivered the opinion of the Court in which MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, J.J., joined. KELLER, P.J., dissented.**

### O P I N I O N

This is a *pro se* post-conviction application for writ of habeas corpus, brought pursuant to Article 11.07 of the Code of Criminal Procedure.[1] On December 1, 2004, the applicant pled guilty to capital murder and, by the terms of a plea agreement, was sentenced to life imprisonment. The written plea admonishments reflect a negotiated plea bargain, namely:

---

[1] TEX. CODE CRIM. PRO. art. 11.07.

> Waive seeking death penalty + plead to capital life + waive 11.07 and 11.071
> Code of Criminal Procedure remedies.

The applicant did not appeal. He did, however, file a post-conviction application for writ of habeas corpus, notwithstanding his waiver of post-conviction remedies, raising six grounds for relief. He alleged that: 1) his plea was involuntary; 2) his attorneys coerced him into pleading guilty; 3) his privilege against self-incrimination was violated during police interrogation; 4) he was denied effective assistance of counsel; 5) he was improperly denied his right to appeal; and 6) the indictment against him was fundamentally defective. The trial court recommended that the applicant's allegations be dismissed because, as part of his plea agreement, he waived his right to seek state post-conviction habeas corpus relief in exchange for the State's agreement not to seek the death penalty. We filed and set this cause in order to address whether a defendant, pursuant to a plea agreement, may waive the right to file an application for writ of habeas corpus, and, if so, what limits, if any, should be placed on such a waiver. We now reiterate that a defendant, pursuant to a plea agreement (or otherwise), may waive his right to file an application for writ of habeas corpus so long as the waiver is made voluntarily, knowingly, and intelligently. But a blanket waiver of all habeas corpus relief may not be enforceable as to claims that the applicant could not reasonably have known about at the time of the waiver, because the applicant could not have voluntarily, knowingly, and intelligently waived those claims.

## I.  POST-CONVICTION HABEAS CORPUS IS WAIVABLE

"The writ of habeas corpus is a writ of right, and shall never be suspended."[2] However, the Legislature, which is constitutionally empowered to regulate the exercise of post-conviction writs of habeas corpus,[3] has provided that "[t]he defendant in a criminal prosecution for any offense may waive any rights secured him by law except" the right to a jury trial in a capital case when the State seeks the death penalty.[4]  This Court has declined to hold that the prohibition against suspending the writ somehow renders the writ of habeas corpus an absolute requirement of our otherwise-adversarial system that is not optional with the parties.[5]  Quite to the contrary, we have held the writ to be subject to abuse-of-the-writ

---

[2]

TEX. CONST. art. I, § 12.  *See also* TEX. CODE CRIM. PROC. art. 1.08 ("The writ of habeas corpus is a writ of right and shall never be suspended.").

[3]

*See* TEX. CONST. art. I, § 12 ("The Legislature shall enact laws to render the remedy speedy and effectual.");  *Ex parte Davis*, 947 S.W.2d 216, 219, 225 (Tex. Crim. App. 1996) (legislation enacting statutory abuse-of-the-writ provision for capital post-conviction habeas corpus writs was legitimate exercise of legislative authority under Article I, Section 12, of the Texas Constitution); TEX. CONST. art. V, § 5 (Texas Court of Criminal Appeals has jurisdiction over post-conviction applications for writ of habeas corpus "[s]ubject to such regulations as may be prescribed by law"); *Ex parte Blue*, 230 S.W.3d 151, 155 (Tex. Crim. App. 2007) (legislation enacting statutory abuse-of-the-writ provision for capital post-conviction habeas corpus writs was legitimate exercise of legislative authority under Article V, Section 5, of the Texas Constitution).

[4]

TEX. CODE CRIM. PROC. art. 1.14(a)

[5]

*See Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993) (dividing the universe of error-preservation for purposes of direct appeal into three categories: 1) rights that are subject to forfeiture by inaction alone; 2) rights that enjoy some "special protection" and can be lost only by express waiver; and 3) absolute systemic requirements that are not optional with the parties and cannot be waived or procedurally defaulted).

legislation,[6] indicating that, not only is the writ subject to being expressly waived, it may even be forfeited (that is to say, lost by mere inaction) under certain circumstances.

It is not surprising, then, that in *Ex parte Insall*,[7] we held that a waiver of the right to pursue post-conviction habeas corpus remedies that was executed as part of a negotiated plea was enforceable, provided it was voluntarily, knowingly, and intelligently made.[8] In *Insall*, the defendant entered into a plea bargain with the State whereby he agreed to plead guilty and waive his right to post-conviction habeas corpus in exchange for a recommendation of deferred-adjudication community supervision.[9] We held that it was "a correct statement of the law" to say that it was possible for a defendant to voluntarily, knowingly, and intelligently waive his right to habeas corpus, citing *Blanco v. State*,[10] a case addressing

---

[6] *See* TEX. CODE CRIM. PROC. art. 11.071, § 4(e) (failure to timely file initial post-conviction application for writ of habeas corpus "constitutes a waiver of all grounds for relief that were available to the applicant before the last date on which an application could be timely filed"); *Ex parte Davis*, *supra* (abuse-of-the-writ provisions of Article 11.071, Section 5, which prohibit courts from granting relief in subsequent applications for post-conviction habeas corpus relief except under certain extraordinary circumstances, are legitimate legislative regulations that do not operate to "suspend" the writ).

[7] 224 S.W.3d 213 (Tex. Crim. App. 2007).

[8] *Id*. at 214-15.

[9] *Id*. at 214.

[10] 18 S.W.3d 218 (Tex. Crim. App. 2000).

waiver of the right to direct appeal.[11]  But because the plea agreement in *Insall* had not contemplated what punishment the trial court might actually impose should it proceed to adjudication, we held that the waiver in that case was unenforceable because it was not knowingly and intelligently made.[12]  For this proposition, we cited another waiver-of-the-right-to-appeal case, *Ex parte Delaney*.[13]

As with the cases dealing with waiver of the right to appeal, then, we have made it clear that an express waiver of the right to post-conviction habeas corpus relief may be enforceable when it is "knowingly and intelligently" executed.  What must a defendant know in order to "knowingly and intelligently" waive his right to a post-conviction writ?  To answer that question, we find it instructive to begin with a survey of the case law addressing waiver of direct appeal.

## II.  KNOWING AND INTELLIGENT WAIVER OF DIRECT APPEAL

In 1969, in *Smith v. State*,[14] this Court

express[ed] the view that a defendant should not be deprived of the opportunity to file a motion for new trial by reason of a waiver filed prior to the trial and at a time when he could not know whether he would desire or

---

[11] *Insall*, *supra*, at 214-15.

[12] *Id*. at 215.

[13] 207 S.W.3d 794 (Tex. Crim. App. 2006).

[14] 440 S.W.2d 843 (Tex. Crim. App. 1969).

have reason or ground for seeking a new trial.[15]

Seven years later, the Court extended this view to cover pretrial waivers of the right to appeal from a criminal conviction, observing in *Ex parte Dickey*,[16] that

> the procedure of requiring the defendant to waive the right of appeal prior to
> trial should be condemned.  At this point the right has not yet matured, the
> defendant has no way of knowing with certainty the punishment that will be
> assessed and cannot anticipate the errors that may occur during the trial.
> Surely a waiver of appeal under such circumstances cannot be knowingly and
> intelligently made.[17]

Two months after *Dickey* was decided, we held, in *Ex parte Townsend*,[18] that

> as a matter of law . . . a waiver of right of appeal made prior to trial cannot for
> the reasons stated in the quoted portions of the opinions in *Smith* and *Dickey*
> be made knowingly and intelligently.  Such a waiver is therefore not binding
> on a defendant.[19]

These cases made it clear that any purported waiver of the right to appeal occurring before

trial had even commenced would be regarded as unenforceable, because, by definition, it was

unknowing and unintelligent.

In subsequent cases, we held that a purported waiver of appeal executed between the

---

[15]
 *Id*. at 844.

[16]
 543 S.W.2d 99 (Tex. Crim. App. 1976) (opinion on original submission).

[17]
 *Id*. at 101.

[18]
 538 S.W.2d 419 (Tex. Crim. App. 1976).

[19]
 *Id*. at 420.

time of judgment of conviction but before the pronouncement of sentence was likewise premature, and therefore not binding on the defendant.[20] However, we also held that a waiver of appeal made after judgment and sentence was enforceable unless the appellant could show in subsequent habeas corpus proceedings that it had been, for whatever reason, involuntarily, unknowingly, or unintelligently executed.[21] This was the state of the law in 2000, when we decided *Blanco v. State.*[22]

In *Blanco*, the appellant agreed to waive appeal in exchange for the prosecutor's promise to recommend a sixteen-year sentence to the trial court; the trial court followed the recommendation, but Blanco tried to appeal anyway.[23] The court of appeals dismissed his appeal on the basis of his waiver.[24] On discretionary review to this Court, Blanco argued that his waiver was not binding because it came after he was convicted but before his punishment was pronounced, citing the precedents discussed above.[25] We held that his waiver was

---

[20] *Bailey v. State*, 543 S.W.2d 653, 655 (Tex. Crim. App. 1976); *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977).

[21] *Ex parte Hogan*, 556 S.W.2d 352 (Tex Crim. App. 1977); *Ex parte Tabor*, 565 S.W.2d 945, 946 (Tex. Crim. App. 1978).

[22] 18 S.W.3d 218 (Tex. Crim. App. 2000).

[23] *Id*. at 219.

[24] *Id*.

[25] *Id*.

enforceable, notwithstanding our earlier case law, because it came after his guilt had already been determined; therefore, he would have been aware of any appealable error that may have occurred at the guilt stage of the proceedings.[26] Moreover, any error with respect to the punishment phase was obviated when the trial court followed the prosecutor's agreed-upon punishment recommendation.[27] Under these circumstances, we found no reason "why appellant should not be held to his bargain."[28] Implicitly, we held that a waiver under these circumstances was knowingly and intelligently made.

In *Monreal v. State*,[29] the appellant argued that his waiver of appeal was not enforceable because it was not, as in *Blanco*, the product of a *negotiated* plea bargain.[30] Monreal pled guilty without a plea agreement, and his punishment was thereafter assessed by a jury.[31] The trial court rendered judgment, and only thereafter, for reasons not disclosed by the record, did Monreal execute a waiver of his right to appeal.[32] We held that a waiver

---

[26]

 *Id*.

[27]

 *Id*. at 220.

[28]

 *Id*.

[29]

 99 S.W.3d 615 (Tex. Crim. App. 2003).

[30]

 *Id*. at 616-17.

[31]

 *Id*. at 616.

[32]

 *Id*.

made at that point in the proceedings was presumptively knowing and intelligent, whether or not it was the product of a negotiated plea. At that point a defendant "would know what his punishment would be and what errors may have occurred during trial at the time of his waiver."[33]

In our most recent pronouncement, *Ex parte Delaney*,[34] we once again held that a waiver of appeal executed prior to a time when the defendant could anticipate what errors he might be able to raise on appeal was of questionable enforceability. Delaney waived his right to appeal after he was placed on deferred-adjudication community supervision.[35] Months later, the State moved to proceed to adjudication, which the trial court did, imposing a life sentence.[36] In a post-conviction writ, Delaney argued that he had been denied his right to appeal.[37] We observed that "[w]hen a presentencing waiver of appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity of the waiver are raised."[38] Likening Delaney's situation to that of Townsend, we held that his waiver of

---

[33] *Id*. at 618.

[34] 207 S.W.3d 794 (Tex. Crim. App. 2007).

[35] *Id*. at 796.

[36] *Id*.

[37] *Id*.

[38] *Id*. at 798.

appeal "was not binding" at the time it was made "because of the potential for future errors and because the punishment was uncertain."[39] Accordingly, we granted habeas corpus relief, instructing the trial court to certify Delaney's right to appeal any issues he might raise related to his sentence.[40]

Thus, we have held that a defendant may waive his right to appeal, but that his waiver will be knowingly and intelligently made only under circumstances in which, and to the extent that, he is aware of what has occurred in the trial proceedings. Only then is he in a position to know the nature of the claims he could have brought on appeal but for his waiver.

### III. KNOWING AND INTELLIGENT HABEAS WAIVERS

Obviously, many constitutional claims that might be brought by an applicant in a post-conviction application for writ of habeas corpus will be claims that he could have anticipated at the time of his waiver—claims based upon purported defects that are known (or that could have been known with due diligence and the assistance of counsel) to the applicant—at the time of his waiver. With respect to such claims, a defendant who waits until the conclusion of his trial to execute a waiver of his right to pursue later habeas relief is in essentially the same position as the defendant who waives his right to appeal at that juncture. He knows (or should know) the particulars of what he is foregoing and therefore does so knowingly and intelligently. If a defendant can validly waive his right to appeal those issues, there is no

---

[39] *Id*. at 799.

[40] *Id*. at 800.

reason to hold that he cannot also validly waive his right to raise them in a collateral attack.

Other claims, however, may be predicated upon facts that did not exist or were not within the applicant's knowledge or comprehension, despite due diligence and the assistance of counsel, at the time he agreed to waive the right to pursue an application for writ of habeas corpus. Claims such as actual innocence based on newly available evidence, the suppression of material, exculpatory evidence by the State, and ineffective assistance of counsel will often (although not always) meet this description. Often an applicant cannot be expected to have known about the existence of the facts that support such claims at the time of his waiver. When it comes to claims of this type, the applicant's waiver of habeas relief cannot be knowing and intelligent, and cannot, therefore, be enforceable.[41] We next examine

---

[41]

The rules governing the enforceability of waivers in a plea agreement in federal court are generally the same for waiver of post-conviction collateral attack as they are for waiver of direct appeal. *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). The trend for analyzing the enforceability of such waivers in federal court may be summarized as follows:

> We see no rational basis for challenging the general premise that a defendant can enter into a plea agreement that waives appellate rights. We have, however, imposed limits on the use of these waivers and we reaffirm those limits here. When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily. Even when these conditions are met, however, we will not enforce a waiver where to do so would result in a miscarriage of justice.

*United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003). The various federal circuits are not absolutely uniform in their pronouncements of what constitutes a "miscarriage of justice" in this context, but have endeavored to exclude from its ambit mere "garden-variety claims of error." *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001). Oft-mentioned examples of a miscarriage of justice include where the trial court relies upon an impermissible factor such as race in sentencing, where ineffectiveness of counsel during plea proceedings renders the waiver itself invalid, where the sentence exceeds the statutory maximum, or "where the waiver is otherwise unlawful." *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004).

whether the instant applicant's waiver was voluntary, knowing, and intelligent with respect to each of his present claims.

## A. Involuntary/Coerced Plea and Ineffective Counsel

In his first and second claims, the applicant argues that his guilty plea was, respectively, involuntary and coerced. He argues that pressuring him to plead guilty in order to avoid a death penalty was inherently coercive, therefore rendering his plea involuntary. These claims are not predicated on facts that were unknown to the applicant at the time of his waiver of habeas corpus relief. We therefore conclude that the applicant's first and second claims were voluntarily, knowingly, and intelligently waived.[42]

In his fourth claim, however, the applicant argues that his guilty plea was a product of constitutionally ineffective assistance of counsel. Construed liberally, this claim asserts that the applicant had no choice but to accept the plea bargain because of the deficiencies of his trial counsel in investigating and preparing a viable defense. Whether it can be said that the applicant voluntarily, knowingly, and intelligently waived this particular claim for habeas corpus purposes is more problematic.

As part of the guilty plea process, the applicant signed a written waiver of rights in

---

[42]

In any event, the applicant has not stated facts that, if true, would entitle him to relief. "At one level, most pleas of guilty or nolo contendere are coerced because they are entered to avoid more severe possible sentences upon a conviction following trial. That degree of coercion, without more, does not make the plea involuntary. * * * A showing of coercion beyond that implicit in plea bargaining must be made to prevail on a claim the plea was involuntary because coerced." George E. Dix & Robert O. Dawson, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 34.65 (2d ed. 2001), at 365-66.

which he waived his constitutional rights to a jury trial and to confront the witnesses against him. He declared that he was "mentally competent and aware of the possible punishment and the consequences of [his] plea, which [was] knowingly, freely, and voluntarily entered[,] and [he] waive[d] any and all defenses [he] might have." He also declared that his "attorney provided [him] fully effective and competent representation[,] and [he was] totally satisfied with the representation given to [him] by [his] attorney."

Nevertheless, he now claims that he only acceded to the plea agreement because his court appointed attorneys were unprepared to present any defense on his behalf should he have proceeded to trial. He alleges that, once he was indicted for capital murder, trial counsel led him to believe—over the course of an eight-month period—that the State did not intend to seek the death penalty against him. During this interim, counsel rarely visited him and did not answer his letters or accept his telephone calls. If trial counsel ever filed any pretrial motions on his behalf, the applicant asserts, he was never made aware of them.[43] Nor did trial counsel try to have the applicant psychologically evaluated, even though the applicant claims he suffered "a couple of severe head injuries during [his] childhood [which] traumas could generate out of control behavior." Eventually, trial counsel informed the applicant that the State would seek the death penalty against him after all unless, within a short period of time, he would agree to plead guilty of capital murder to avoid a trial. The

---

[43] On the limited record before us, we cannot tell what, if any, pretrial motions trial counsel may have filed on the applicant's behalf.

applicant contends that, had trial counsel adequately investigated the facts of the case, they would have discovered that he had a viable claim of self-defense. Because trial counsel conducted no such investigation, the applicant claims, they were wholly unprepared to represent him effectively in a trial, and he was therefore compelled to accept the State's plea offer to avoid a death sentence. But for these deficiencies of his trial counsel, the applicant contends, he would have insisted on exercising his right to trial.

These allegations, if altogether true, might entitle the applicant to relief in a post-conviction habeas corpus proceeding. There is no doubt that an accused has a Sixth Amendment right to the effective assistance of counsel in guilty plea proceedings.[44] A habeas applicant must show that his trial counsel's advice with respect to accepting a plea offer did not fall within the wide range of competence demanded of attorneys in criminal cases, and that, but for his attorney's deficiencies, he would not have accepted the offer but would have insisted on going to trial.[45] Competent counsel has a duty to render his best judgment to his client about what plea to enter, and that judgment should be informed by an adequate and independent investigation of the facts of the case.[46] When counsel's representation is constitutionally ineffective under this standard, it renders any resulting

---

[44] *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987).

[45] *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987).

[46] *Ex parte Briggs*, 187 S.W.3d 458, 469 (Tex. Crim. App. 2005).

guilty plea involuntary.[47]

We think that ineffective assistance of counsel of such a magnitude as to render a guilty plea involuntary also has the effect of vitiating any waiver of habeas corpus relief with respect to that claim. After all, there is at least a reasonable likelihood that an accused who would have rejected a plea offer and pled not guilty but for the patent incompetence of his lawyers would have declined to waive habeas corpus relief as well. This means, of course, that before a habeas court can ascertain whether the applicant's waiver of habeas relief was truly voluntary, it must evaluate the underlying ineffective assistance of counsel claim. Because the habeas court must reach the merits of the underlying ineffective assistance of counsel claim in any event, we simplify the process by holding that a waiver of post-conviction habeas corpus relief will not be enforceable to prohibit an applicant from claiming that his guilty plea was the product of constitutionally ineffective assistance of counsel, *i.e.*, that but for the incompetence of his counsel, he would not have pled guilty but would have elected to proceed to trial.[48]

---

[47] *Ex parte Pool*, *supra*.

[48] The federal courts have similarly held that a waiver of post-conviction collateral claims that a guilty plea was the product of constitutionally ineffective assistance of counsel is not enforceable. "The rationale is that the very product of the alleged ineffectiveness cannot fairly be used to bar a claim of ineffective assistance of counsel." *United States v. Hernandez*, 242 F.3d 110, 114 (2nd Cir. 2001) (internal quotations omitted). *See also Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (plea-bargained waiver of collateral attack did not preclude post-conviction claim of ineffectiveness of counsel in the plea process because "[j]ustice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itself—the very product of the alleged ineffectiveness"); *United States v. Black*,

Accordingly, we conclude that the applicant's waiver of post-conviction habeas relief was not enforceable as against his claim that his trial counsel rendered constitutionally ineffective assistance of counsel. We will therefore remand this writ application to the convicting court to determine whether the applicant's claim of ineffective assistance of counsel presents controverted, previously unresolved facts material to the legality of the applicant's confinement. If so, the convicting court should proceed to a resolution of those unresolved facts as appropriate under Article 11.07, Section 3(d) of the Code of Criminal Procedure,[49] thereafter transmitting its recommended findings of fact and conclusions of law, along with the habeas record, to this Court.

---

201 F.3d 1296, 1299 & 1301 (10th Cir. 2000) ("the validity of the waiver-of-appeal provision depends upon the validity of the plea agreement as a whole," and "a waiver may not be used to . . . deny review of a claim that the agreement was entered into with ineffective assistance of counsel."); *DeRoo v. United States*, *supra*, at 924 ("A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel."); *United States v. Jemison*, 237 F.3d 911, 916 n.8 (7th Cir. 2001) ("We have previously recognized that a valid appellate waiver, though binding in other respects, does not preclude judicial review of a criminal defendant's assertion that her plea agreement was itself the product of ineffective assistance of counsel."); *United States v. Teeter*, *supra*, at 25 n.9 (appellate court may refuse to honor waiver of appeal following guilty plea proceedings if, *inter alia*, those proceedings were "tainted by ineffective assistance of counsel"); *United States v. Khattak*, 273 F.3d 557, 562-63 (3rd Cir. 2001) (same); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (same); *United States v. Hahn*, *supra*, at 1327 ("ineffective assistance of counsel in connection with the negotiation of the waiver [of appeal] renders the waiver invalid"); *United States v. Maldanado*, 410 F.3d 1231, 1233 (10th Cir. 2005) (ineffective counsel may render waiver of appeal and collateral attack invalid); *United States v. Nosovel*, 481 F.3d 1288, 1289 (10th Cir. 2007) (ineffective counsel may render waiver of appeal invalid).

[49] TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

## B. Denial of the Right to Appeal

In his fifth claim, the applicant asserts that his attorneys "instructed [him] that [he] could not file an appeal." He elaborates: "My trial attorneys should have informed me what motions were filed for me and if they believed any denials could be successfully raised on appeal. Instead of giving me this information they only told me that I did not have a right to appeal my case." We do not believe this claim is predicated upon facts about which the applicant was unaware at the time of his waiver of post-application habeas corpus rights.

Following a negotiated guilty plea, a defendant has only a limited right to appeal; he may appeal only "those matters that were raised by written motion filed and ruled on before trial," or specific issues that the trial court has granted him permission to appeal.[50] Moreover, as part of his written waiver of rights, the applicant in this case also expressly declared that he "waived and [gave] up any and all rights of appeal." Because this was a negotiated guilty plea, and the trial court accepted and assessed the recommended punishment, this waiver of appeal was in all things knowing and intelligent.[51] It is altogether fitting, therefore, that the applicant's attorneys advised him that, should he accept the State's plea offer, he would have no right to appeal. The applicant now identifies no new facts that were unknown to him at the time that he waived his right to post-conviction habeas corpus relief. Therefore, this

---

[50] TEX. R. APP. P. 25.2(a)(2)(A) & (B).

[51] *Blanco v. State*, *supra*.

claim was also validly waived.

### C. Involuntary Confession

Applicant's third claim, that his confession was coerced by the police, was also voluntarily, knowingly, and intelligently waived. The facts underlying the claim were presumably known or knowable to the applicant at the time he waived his right to post-conviction habeas corpus relief and, with due diligence and the assistance of counsel, he should have been able to comprehend the legal significance of those facts and develop them for the record, had he chosen to do so. For this reason he was in a position to voluntarily, knowingly, and intelligently waive this as a post-conviction habeas corpus claim.

We observe, however, that this is a *pro se* pleading, and that embedded within the applicant's third claim are certain assertions that his trial counsel should have known to challenge the admissibility of his confession.[52] Implicit in the applicant's claim is the assertion that he did not know that there was any legal basis to challenge his confession at the time he waived his habeas rights because his attorneys never informed him that there was any. He does not allege, however, that but for this claimed deficiency in trial counsel's representation, he would not have accepted the State's plea offer but would have insisted on

---

[52] The applicant filed his post-conviction application for writ of habeas court in the convicting court on April 18, 2006, on the form that was prescribed in accordance with the Rules of Appellate Procedure. TEX. R. APP. P. 73.1(a). Since that time the form has been amended by order of this Court, effective May 5, 2007, with a view to eliminating the inclusion of more than one distinct constitutional claim within a single ground for relief. *Id*. Appendix: Application for Writ of Habeas Corpus Seeking Relief From Final Conviction Under Code of Criminal Procedure, Article 11.07.

proceeding to trial. He does not, therefore, allege facts sufficient to vitiate the voluntary, knowing, and intelligent character of the plea itself, nor, by extension, of his waiver of habeas relief with respect to this claim.

### D. "Fundamentally Defective" Indictment

In his sixth and last claim, the applicant alleges that the indictment was "fundamentally defective." Such a claim may be cognizable in a writ of habeas corpus, but only if it alleges that the indictment is so deficient that it fails to vest the trial court with jurisdiction.[53] Can the applicant in this case voluntarily, knowingly, and intelligently waive this claim as part of his plea agreement? It is conceivable that such a claim is not subject to waiver in view of certain cases from this Court that seem to hold that an attack upon the jurisdiction of the convicting court can always be made for the first time in post-conviction habeas corpus proceedings.[54] After all, we have said that jurisdictional requirements are

---

[53] *See Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) ("if the instrument comes from the grand jury, purports to charge an offense and is facially an indictment, then it is an indictment . . . and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case."). *See also Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007) ("The proper test to determine if a charging instrument alleges 'an offense' is whether the allegations in it are clear enough that one can identify the offense alleged. If they are, then the indictment is sufficient to confer subject matter jurisdiction. Stated another way: Can the trial court . . . and the defendant identify what penal code provision is alleged and is that penal code provision one that vests jurisdiction in the trial court?"). If a purported charging instrument is insufficient to constitute an indictment even under this forgiving standard, it may be challenged as fundamentally defective in habeas corpus proceedings. *Ex parte Patterson*, 902 S.W.2d 487 (Tex. Crim. App. 1995).

[54] *See e.g.*, *White v. State*, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001) (appellant who forfeited right to appeal a claim that the trial court lacked jurisdiction in a negotiated plea could nevertheless raise the claim in post-conviction habeas corpus proceedings); *Ex parte Waggoner*, 61 S.W.3d 429,

systemic, not optional with the parties.[55] An argument could be made that the applicant's

attack upon the integrity of the indictment is not susceptible to waiver, however voluntarily,

knowingly, and intelligently the waiver may have been made. But we need not reach that

question in the present case.

Ultimately, the applicant's claim fails to state facts that, if true, would establish that

the indictment was so deficient as to deprive the convicting court of jurisdiction. While

baldly contending that the indictment was fundamentally defective, the applicant alleges no

facts to show such a wholesale deficiency.[56] Nor does he allege that any defect was timely

brought to the trial court's attention. He therefore fails to plead facts sufficient to remove

himself from the statutory requirement that he challenge the indictment *in the trial court*

before it may serve as a predicate to relief either on appeal or in a post-conviction habeas

---

431 (Tex. Crim. App. 2001) (juvenile tried in court without jurisdiction was allowed to challenge his conviction in post-conviction application for writ of habeas corpus even though he apparently failed to do so on direct appeal). *But see, contra, Ex parte Pena*, 71 S.W.3d 336, 338 (Tex. Crim. App. 2002) (while holding that claim of improperly imposed fine was *not* of jurisdictional dimension, Court added that "[e]ven if Mr. Pena had alleged a constitutional or *jurisdictional* defect, he would not be entitled to habeas corpus relief because he could have, and should have, complained about the fine . . . on direct appeal") (emphasis added).

[55]

*See Marin v. State*, *supra*, at 279 ("the system also includes a number of requirements and prohibitions which are essentially independent of the litigant's wishes. Implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties. The clearest cases of nonwaivable, nonforfeitable systemic requirements are laws affecting the jurisdiction of the courts.").

[56]

The charging instrument, which is included in the habeas record, purports on its face to be an "indictment" returned by a grand jury of Tarrant County. It names the applicant as the "Defendant" therein and alleges that he committed every constituent element of a capital murder under the Penal Code. TEX. PENAL CODE § 19.03(a)(2). The applicant does not allege otherwise.

corpus proceeding.[57]  Such a claim is non-jurisdictional.  It is also (or it should have been, with the assistance of counsel) one that should have been readily apparent to the applicant at the time he waived habeas corpus relief.  Therefore, the applicant's waiver of this non-jurisdictional claim was voluntary, knowing, and intelligent.[58]  For this reason, we dismiss the applicant's final claim pursuant to his waiver.

### IV.  SUMMARY AND CONCLUSION

The right to bring a post-conviction application for writ of habeas corpus in felony cases is subject to waiver.  To be enforceable, such a waiver must be made voluntarily, knowingly, and intelligently.  An applicant may voluntarily, knowingly, and intelligently waive any claim that is based upon facts that, by diligence and with the assistance of trial counsel, he was aware of, or should have been aware of, at the time of the waiver.  An applicant *cannot* be said to have voluntarily, knowingly, and intelligently waived any habeas corpus claim, however, that is predicated upon facts not within his knowledge at the time of the waiver, despite his due diligence and the effective assistance of trial counsel.  Moreover, we will not enforce a waiver of post-conviction habeas corpus relief as to a claim that a guilty

---

[57]

*See* TEX. CODE CRIM. PROC. art. 1.14(b) ("If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.").

[58]

Because the applicant's claim fails to state facts sufficient to divest the trial court of jurisdiction, it is not cognizable in post-conviction habeas corpus proceedings in any event. TEX. CODE CRIM. PROC. art. 1.14(b).

plea was involuntary because it was the product of ineffective assistance of counsel, *i.e.*, that, but for the patent incompetence of this trial counsel, the applicant would not have pled guilty but would have insisted on going to trial.

By these criteria, the applicant's first, second, third, fifth, and sixth claims were voluntarily, knowingly, and intelligently waived. However, his fourth claim was not. The cause is therefore remanded to the convicting court for further proceedings, not inconsistent with this opinion, with respect to the applicant's fourth claim.

Delivered:     April 29, 2009
Publish