

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,862

### EX PARTE BILLY GEORGE REEDY, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### IN CAUSE NO. C-3-007676-0911735-A
### FROM THE CRIMINAL DISTRICT COURT NUMBER THREE
### OF TARRANT COUNTY

**PER CURIAM.**

### O P I N I O N

This is a *pro se* post-conviction application for writ of habeas corpus, brought pursuant to Article 11.07 of the Code of Criminal Procedure.[1] On December 1, 2004, the applicant pled guilty to capital murder and, by the terms of a plea agreement, was sentenced to life imprisonment. The written plea admonishments reflect a negotiated plea bargain, namely:

---

[1] TEX. CODE CRIM. PRO. art. 11.07.

>Waive seeking death penalty + plead to capital life + waive 11.07 and 11.071
>Code of Criminal Procedure remedies.

The applicant did not appeal. He did, however, file a post-conviction application for writ of habeas corpus, notwithstanding his waiver of post-conviction remedies, raising six grounds for relief. He alleged that: 1) his plea was involuntary; 2) his attorneys coerced him into pleading guilty; 3) his privilege against self-incrimination was violated during police interrogation; 4) he was denied effective assistance of counsel; 5) he was improperly denied his right to appeal; and 6) the indictment against him was fundamentally defective.

The trial court recommended that the applicant's allegations be dismissed because, as part of his plea agreement, he waived his right to seek state post-conviction habeas corpus relief in exchange for the State's agreement not to seek the death penalty. We originally filed and set this cause on March 5, 2008, in order to address whether a defendant, pursuant to a plea agreement, may waive the right to file an application for writ of habeas corpus, and, if so, what limits, if any, should be placed on such a waiver. In a published opinion issued on April 29, 2009, we held that the applicant did, in fact, validly waive all but one of the issues raised in his initial writ application.[2] We remanded the cause for further proceedings with respect to issue number 4 above, alleging that the applicant's trial counsel rendered constitutionally ineffective assistance of counsel in representing the applicant through the investigation of his case and the guilty plea process that culminated in his conviction for

---

[2] *Ex parte Reedy*, 282 S.W.3d 492 (Tex. Crim. App. 2009).

capital murder for a negotiated life sentence.

On remand, the State requested the trial court to order affidavits from the applicant's trial counsel in response to the applicant's claim. Pursuant to the ensuing court order, both of the applicant's trial counsel filed affidavits detailing the steps they took in investigating the case, consulting with the applicant, and representing him during the negotiations leading up to his guilty plea. The trial court then entered an order allowing the parties additional time to present further evidence, if any, relevant to the applicant's allegations of ineffectiveness of counsel. When the parties proffered no further evidence within the time allotted, the State submitted proposed findings of fact and conclusions of law, which the trial court adopted, finding that the applicant's trial counsel were not deficient and concluding that the applicant was not deprived of his Sixth Amendment right to the effective assistance of counsel during the course of their preparations for trial and consultations with the applicant with respect to the advisability of accepting the State's plea offer.

We have reviewed the habeas record and the trial court's recommended findings of fact and conclusions of law and find that they are supported by the record. Accordingly, we adopt them as our own. Having previously dismissed the applicant's other habeas claims as validly waived, we now expressly deny relief on his fourth allegation.

DELIVERED: February 8, 2012
DO NOT PUBLISH