IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1322-13






JERRY PAUL LUNDGREN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


WISE COUNTY





 Keller, P.J., filed a concurring opinion.



 I join the Court's opinion, but I write to point out that the State had at least two options that
could have allowed it to avoid the situation it now faces. When appellant filed a motion for new
trial, the State could have agreed to it and made sure that it was presented to the trial court. It
appears that appellant's sole purpose in filing the motion for new trial was to retroactively extend
the start date of his probation. Nevertheless, the motion for new trial was a request to rescind the
plea agreement, and if the State had agreed to that request, then the trial court could have granted the
motion and undone the plea agreement. (1) Undoing the plea agreement might not be as favorable to
the State as pursuing revocation proceedings, but it would give the State the chance to seek a
sentence of incarceration.

 The State could also have avoided its current predicament if the plea agreement had included
a waiver of the right to file a motion for new trial. We have held that a defendant can, in at least
some circumstances, waive the right to appeal as part of an agreement with the State, (2) though the
waiver of post-conviction remedies may be ineffective in the face of a claim that could not have been
anticipated at the time the waiver occurred. (3) Logically, the same should be true of the right to file
a motion for new trial. In the absence of an allegation, in the motion for new trial, of an
unforeseeable claim, the waiver would render the motion ineffective with respect to delaying the
finality of the judgment. 

Filed: June 25, 2014

Publish
1. See Restatement (Second) of Contracts § 283. Appellant might have withdrawn
his motion for new trial when faced with the State's willingness to agree to it, but then the
motion for new trial would have been ineffective for the purpose of extending the probation start
date. And because appellant's appeal was ineffective for that purpose (as the Court's opinion
explains), then appellant would be facing revocation. It is also possible that the State could argue
that appellant breached the plea agreement by filing a notice of appeal and that, as a result of the
breach, the State could agree to appellant's motion for new trial as a method of cancelling the
contract. See Id., cmt. a. If the State can cancel the plea agreement in this manner, the
defendant might not have the option of withdrawing the motion for new trial.
2. Ex parte Broadway, 301 S.W.3d 694 (Tex. Crim. App. 2009).
3. Ex parte Reedy, 282 S.W.3d 492 (Tex. Crim. App. 2009).