

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1322-13

**JERRY PAUL LUNDGREN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### WISE COUNTY

**KELLER, P.J., filed a concurring opinion.**

I join the Court's opinion, but I write to point out that the State had at least two options that could have allowed it to avoid the situation it now faces. When appellant filed a motion for new trial, the State could have agreed to it and made sure that it was presented to the trial court. It appears that appellant's sole purpose in filing the motion for new trial was to retroactively extend the start date of his probation. Nevertheless, the motion for new trial was a request to rescind the plea agreement, and if the State had agreed to that request, then the trial court could have granted the

motion and undone the plea agreement.[1]  Undoing the plea agreement might not be as favorable to the State as pursuing revocation proceedings, but it would give the State the chance to seek a sentence of incarceration.

The State could also have avoided its current predicament if the plea agreement had included a waiver of the right to file a motion for new trial.  We have held that a defendant can, in at least some circumstances, waive the right to appeal as part of an agreement with the State,[2] though the waiver of post-conviction remedies may be ineffective in the face of a claim that could not have been anticipated at the time the waiver occurred.[3]  Logically, the same should be true of the right to file a motion for new trial.  In the absence of an allegation, in the motion for new trial, of an unforeseeable claim, the waiver would render the motion ineffective with respect to delaying the finality of the judgment.

Filed: June 25, 2014
Publish

---

[1]  *See* RESTATEMENT (SECOND) OF CONTRACTS § 283.  Appellant might have withdrawn his motion for new trial when faced with the State's willingness to agree to it, but then the motion for new trial would have been ineffective for the purpose of extending the probation start date.  And because appellant's appeal was ineffective for that purpose (as the Court's opinion explains), then appellant would be facing revocation.  It is also possible that the State could argue that appellant breached the plea agreement by filing a notice of appeal and that, as a result of the breach, the State could agree to appellant's motion for new trial as a method of cancelling the contract.  *See  Id.*, cmt. a.  If the State can cancel the plea agreement in this manner, the defendant might not have the option of withdrawing the motion for new trial.

[2]  *Ex parte Broadway*, 301 S.W.3d 694 (Tex. Crim. App. 2009).

[3]  *Ex parte Reedy*, 282 S.W.3d 492 (Tex. Crim. App. 2009).