**Ex Parte Steven Donald INSALL, Applicant.**

**No. AP–75338.**

Court of Criminal Appeals of Texas.

May 23, 2007.

David L. Richards, Fort Worth, for Appellant.

Andrea Jacobs, Assistant District Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for State.

***OPINION***

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER and COCHRAN, JJ., joined.

In this case, we deny applicant's request for habeas corpus relief on the merits and reject the State's claim that applicant's request for habeas corpus relief should be denied as waived.

Applicant was charged with possession with intent to deliver more than 400 grams of gamma hydroxybutrate, which is a Penalty Group 1 controlled substance. *See* Section 481.102(9), TEX. CONTROLLED SUB-

3. *Almanza v. State,* 686 S.W.2d 157 (Tex.Cr.    App.1984).

STANCES ACT. This offense carries a punishment range of 15 to 99 years, or life, in prison and a fine not to exceed $250,000. *See* Section 481.112(f), TEX. CONTROLLED SUBSTANCES ACT. Applicant and the State entered into a plea bargain under which the State recommended to the convicting court that applicant be placed on deferred adjudication community supervision (deferred adjudication probation) for ten years and pay a $1,000 fine in exchange for, among other things, applicant's guilty plea and his waiver of his right "to seek an application for writ of habeas corpus" under Article 11.07, TEX.CODE CRIM. PROC. The convicting court accepted the parties' plea bargain, placed applicant on deferred adjudication probation for ten years, and assessed a $1,000 fine. The habeas corpus record indicates that the usual procedures were followed for insuring that a guilty plea is voluntarily made. The plea papers also state that applicant could be sentenced to "15 years–99 years, life" in prison, if he violated any condition of his deferred adjudication probation and his guilt was adjudicated. Applicant subsequently violated several conditions of his probation. The convicting court adjudicated applicant guilty and sentenced him to life in prison. The habeas record does not reflect that applicant claimed that he was unaware that he could be sentenced to life imprisonment when the convicting court assessed this sentence.

█ Applicant is seeking habeas corpus relief, claiming that his guilty plea was involuntary because he did not understand that the convicting court could sentence him to life imprisonment if he violated his probation and his guilt was adjudicated.[1] The State claims that this Court should not consider the merits of this claim because applicant waived his right to seek habeas corpus relief in exchange for the consideration that applicant received from the State as part of the parties' plea bargain. The State asserts that "a waiver of a right to file an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure is enforceable against a defendant when the waiver was knowingly, intelligently, and voluntarily given."[2]

This is a correct statement of the law. This Court's decision in *Blanco v. State* recognizes that a defendant has a statuto-

---

1. Applicant claimed in his habeas corpus application that his guilty plea was involuntary because he pled guilty not realizing that he could be sentenced to life imprisonment if he violated his deferred adjudication probation. He asserted:

   When I agreed to deferred adjudication I did not know that a violation of my probation could result in a judgment and sentence for a term of LIFE imprisonment. It was not until I conferred with another attorney (John Linebarger) in February 2005 (one month after my plea of guilty and the start of my probation) that I realized the trial judge was authorized to send me to prison for a term anywhere within the punishment range, including the maximum sentence of life. Had I known at the time of my plea that a violation could result in a Life sentence, I would not have entered the plea.

   Applicant's brief in support of his writ of habeas corpus asserts that applicant is not presenting any ineffective assistance of counsel claims. This brief also asserts that applicant "does not discount the possibility that counsel may have told him" that "a violation of his probation could result in a sentence of life imprisonment" but that "due to his mental state at the time, he did not understand the significance of what he was told." Applicant, however, has presented no evidence that he suffered from any mental defect at the time of his plea.

2. The State claims that applicant's waiver of his right to seek habeas corpus relief was voluntary because, when he made the waiver, applicant knew that he could be sentenced to life imprisonment if he violated his probation and his guilt was adjudicated.

ry right to "waive any rights secured him by law" under Article 1.14(a), Tex.Code Crim. Proc., and that such a waiver is judicially enforceable unless the waiver is not "knowingly and intelligently made." *See Blanco v. State,* 18 S.W.3d 218, 219 (Tex.Cr.App.2000).[3] However, in *Ex parte Delaney,* which was handed down after this case was submitted, this Court decided that, even in a deferred adjudication case such as this, a waiver of an appeal that would follow an adjudication of guilt and sentencing "may not be valid" if "the plea agreement does not contain a recommended punishment to be imposed if guilt is adjudicated." *See Ex parte Delaney,* 207 S.W.3d 794, 798–99 (Tex.Cr.App.2006). This Court further stated in *Delaney* that "simply knowing the range of punishment for the offense is not enough" to make the waiver of appeal voluntary. *See id.*

■ Under the reasoning of *Delaney,* applicant's waiver of his right to seek habeas relief was involuntary or not "knowingly and intelligently made" because the plea agreement contained only the range of punishment and not a certain punishment to be imposed if guilt was adjudicated.[4] We nevertheless agree with the State that, under the facts of this case, the record also supports the convicting court's conclusion that applicant "was aware that he could be sentenced to life in prison if his deferred adjudication was revoked and he was adjudicated guilty." We, therefore, reject applicant's claim that his plea was involuntary on its merits.

Habeas corpus relief is denied.

---

**3.** Thus, we agree with the dissent that a defendant cannot knowingly and intelligently waive matters he could not have known at the time of the waiver.

**4.** It would, therefore, appear that applicant's waiver to seek habeas relief would have been

JOHNSON, J., filed a dissenting opinion in which PRICE and HOLCOMB, JJ., joined.

JOHNSON, J., filed a dissenting opinion in which PRICE and HOLCOMB, JJ., joined.

Today, the Court creates a Catch–22 for the prosecutor and the trial court. A defendant's waiver of the right to seek relief through a writ of habeas corpus is involuntary and not knowingly and intelligently made unless that defendant knows what certain punishment will be imposed upon adjudication of guilt, i.e., if the plea agreement does not contain a recommended punishment to be imposed if guilt is adjudicated. The catch is that our precedent holds that a purported "plea-bargain agreement" on a motion to revoke community supervision, and presumably deferred-adjudication, is not enforceable, and the trial court is free to refuse it with impunity. *Gutierrez v. State,* 108 S.W.3d 304 (Tex.Crim.App.2003). Thus no bargaining defendant can be certain of the punishment that will be assessed at the time of revocation or adjudication.

Likewise, our precedent holds that a trial court reversibly errs if it determines, at the time of deferral of adjudication (or, presumably, a grant of community supervision), the punishment to be assessed at the time of adjudication or revocation. *Ex Parte Brown,* 158 S.W.3d 449 (Tex.Crim.App.2005). As a result, in the real world, a defendant can never know what "certain punishment" will be imposed upon revocation or adjudication, and a waiver of the

judicially enforceable had he bargained for a certain life sentence in the event his guilt was adjudicated and the convicting court followed this bargain. *See Delaney,* 207 S.W.3d at 798–99; *Blanco,* 18 S.W.3d at 219–20.

**216**

right to seek relief through a writ of habeas corpus can never be enforced.

As a practical matter, any waiver of the right to file a writ of habeas corpus is invalid because of the "knowingly and intelligently" requirement. Are we to sanction a waiver of the right to complain of constitutional violations that were unknown to the applicant at the time of trial? What of perjured testimony offered by an unknowing prosecutor? What of DNA testing that later exonerates a defendant? What of recantations? What of "experts" who are later discovered to have manufactured evidence? No one knows what issues might become relevant in the future. *See, e.g., Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002); *Roper v. Simmons,* 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).

The writ of habeas corpus is designed to deal with newly discovered evidence of all kinds—evidence that by definition is discovered after trial and outside of the record. Until we have oracles who are able, at the time of trial, to see and tell the future, no waiver of the right to pursue a writ of habeas corpus can ever be knowing or intelligent.

I respectfully dissent.