NUMBER 13-07-00485-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CYNEA PERRY Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 Pursuant to a plea agreement, appellant, Cynea Perry, pleaded guilty to possession
of a controlled substance (cocaine). (1) The trial court accepted appellant's plea, assessed
punishment at one year confinement in a State Jail facility and a $500 fine, suspended the
confinement portion of the sentence, and placed appellant on community supervision for
a period of four years. Within the period of community supervision, the State filed a motion
to revoke appellant's community supervision. At a hearing on the State's motion, appellant
pleaded "true" to each of the State's allegations that he violated the conditions of his
community supervision. The trial court revoked appellant's community supervision and
sentenced him to one year in a State Jail facility. Appellant's counsel has filed a brief with
this Court asserting there is no basis for appeal. (2) We agree and affirm the trial court's
judgment.

Anders Brief

 Counsel's brief reveals that he has reviewed the clerk's record and reporter's record
in this case and has concluded that appellant's appeal presents no issues which warrant
appellate review. (3) The brief meets the requirements of Anders as it presents a
professional evaluation showing why there are no arguable grounds for advancing an
appeal. (4) In compliance with High v. State, (5) counsel has carefully discussed why, under
controlling authority, there are no errors in the trial court's judgment. Appellant's counsel
informed appellant of his right to review the appellate record and to file a pro se brief. (6) 
Appellant submitted a pro se brief to this Court. (7)

 In his pro se brief, appellant alleges that at his revocation hearing, his counsel and
the State had reached a "plea bargain" for a six-month sentence, but the trial court
imposed the original plea-bargained one-year sentence. The record reflects that at the
revocation hearing, the State recommended a six-month sentence. However, the trial
judge asked appellant if he understood that the court was not required to "go along with
any type of agreement," and appellant responded affirmatively. (8) Moreover, after the trial
court imposed the one-year sentence, there was no objection from appellant or his
counsel. 

 Upon receiving a "frivolous appeal" brief, the appellate courts must conduct "a full
examination of all the proceedings to decide whether the case is wholly frivolous." (9) We
have carefully reviewed the appellate record, counsel's brief, and appellant's pro se brief. (10) 
We agree with appellant's counsel that the appeal is without merit. (11) Accordingly, we affirm
the judgment of the trial court.

Motion to Withdraw


 In accordance with Anders, counsel has asked permission to withdraw as counsel
for appellant. (12) An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief. (13) We grant counsel's motion to withdraw.

 We order counsel to advise appellant promptly of the disposition of this case and
the availability of discretionary review. (14) 




 
 LINDA REYNA YAÑEZ,

 Justice





Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and 

filed this the 7th day of August, 2008. 
1. See Tex. Health & Safety Code Ann § 481.115(a), (b) (Vernon 2003).
2. See Anders v. California, 386 U.S. 738, 744 (1967).
3. See id. 
4. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). 
5. See High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978),
6. See In re Schulman, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); Sowels v. State, 45 S.W.3d 690,
693 (Tex. App.-Waco 2001, no pet.). 
7. See Schulman, 252 S.W.3d at 409 (citing Johnson v. State, 885 S.W.2d 641, 647 n.3 (Tex.
App.-Waco 1994, pet. ref'd), modified by Wilson v. State, 955 S.W.2d 693 (Tex. App.-Waco 1997, no pet.)). 
8. See Ex parte Insall, 224 S.W.3d 213, 215 (Tex. Crim. App. 2007) (Johnson, J., dissenting) (noting
that on a motion to revoke community supervision, a trial court is free to reject a purported "plea-bargain
agreement" with impunity) (citing Gutierrez v. State, 108 S.W.3d 304 (Tex. Crim. App. 2003)).
9. Penson v. Ohio, 488 U.S. 75, 80 (1988); see Garza v. State, 126 S.W.3d 312, 313 (Tex.
App.-Corpus Christi 2004, no pet.). 
10. See Schulman, 252 S.W.3d at 409; Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App.
2005). 
11. See Bledsoe, 178 S.W.3d at 827. 
12. See Anders, 386 U.S. at 744.
13. Schulman, 252 S.W.3d at 409; see Stafford, 813 S.W.2d at 511 (noting that Anders brief should
be filed with request for withdrawal from case). 
14. Schulman, 252 S.W.3d at 408; see Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (en
banc) (per curiam).