Opinion issued January 8, 2009













     




In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00924-CR




JUAN CARLOS MOLINA, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1070850




MEMORANDUM OPINION

          Appellant, Juan Carlos Molina, pleaded guilty to the second-degree felony
offense of possession of a controlled substance, pursuant to an agreement with the
State as to punishment. See Tex. Health & Safety Code Ann. §§ 481.102, .115
(Vernon 2003 & Supp. 2008). The trial court accepted the parties’ plea bargain,
deferred adjudication, and placed appellant on community supervision for five years. 
Subsequently, the State moved to adjudicate appellant’s guilt on the bases that
appellant had committed an additional offense against the State and that he had
violated or failed to meet certain terms of his community supervision. Appellant
pleaded “true” to the State’s allegations. The trial court found appellant guilty and
assessed punishment at 20 years’ confinement. The trial court certified appellant’s
right to appeal.
          In his sole issue, appellant contends that his plea of “true” to the State’s
allegations in its motion to adjudicate was involuntary because he was given
“inconsistent admonishments” concerning his “ability to appeal the judgment
following the adjudication of guilt.”
          We affirm.
Background
          On May 30, 2006, appellant entered into a plea bargain agreement with the
State in which he agreed to plead guilty to the offense of possession of a controlled
substance in exchange for five year’s deferred adjudication community supervision.
Subsequently, the trial court assessed five years’ deferred adjudication community
supervision. The record does not contain a motion for new trial.
          On August 24, 2006, the State moved to revoke appellant’s community
supervision and to adjudicate guilt, alleging that appellant had violated the terms of
his community supervision by using marihuana, by failing to report to his community
supervision officer, by failing to pay certain fees, and by failing to participate in the
programs required by the terms of his community supervision. On September 12,
2006, the State amended its motion by adding an allegation that, on August 27, 2006,
appellant committed a murder while in the course of committing a robbery.
          On October 18, 2007, appellant signed a stipulation of evidence and judicial
confession, in which he pleaded “true” to the State’s allegations “WOAR”—without
an agreed recommendation concerning punishment. Appellant initialed that he
understood that the trial court could consider the entire range of punishment for his
offense, which was 2 to 20 years, and appellant agreed to waive any right to appeal
“concerning any issue or claim in this case, including [his] plea or [sic] true or
admission of guilt.”
          After a hearing on October 18 and 19, 2007, the trial court adjudicated
appellant guilty and assessed punishment at 20 years’ confinement. In the trial
court’s certification of defendant’s right to appeal, dated October 18, 2007, the trial
court certified that “this is a plea-bargain case, and the defendant has NO right of
appeal. [or] the defendant has waived the right of appeal.” On October 19, 2007, the
trial court issued a new certification, in which it certified that this “is not a plea
bargain case and the defendant has the right of appeal.”
Voluntariness of Plea
          In his sole issue, appellant contends that his plea of “true” to the State’s
allegations was involuntary because he was given “inconsistent admonishments”
concerning his “ability to appeal the judgment following the adjudication of guilt.” 
Specifically, appellant complains that, although the plea papers reflect that he waived
his right to appeal, such waiver “could not have been made knowingly, intelligently
and voluntarily concerning the punishment phase since there was no plea bargain
agreement,” citing Ex parte Delaney, 207 S.W.3d 794, 800 (Tex. Crim. App. 2006).
          In addition, appellant complains that the trial court’s certification on October
18, 2007 reflects that this “is a plea bargain case, and the defendant has NO right of
appeal” or “has waived the right of appeal.” Yet, at the hearing the next day, October
19, 2007, the trial court instructed appellant’s counsel to discuss with appellant
whether appellant wished to appeal, and the trial court issued a new certification,
which reflects that this “is not a plea-bargain case, and the defendant has the right of
appeal.” 
          Appellant complains that because there was inconsistency in the trial court’s
admonishments regarding his right to appeal, his plea of “true” was involuntary. 
          Our examination of the plea papers reflects that appellant pleaded “true” to the
State’s allegations in the motion to adjudicate and that he initialed that he understood
that the range of punishment for his offense was two to twenty years’ confinement.
In addition, appellant initialed that as “part of my agreement with the prosecutor to
plead true, I AGREE TO WAIVE any right to appeal I may have concerning any issue
or claim in this case, including my plea of true or admission of guilt.” The plea
papers reflect, however, that there was not an agreement with the State regarding
punishment. The live certification from the trial court indicates that this “is not a plea
bargain case, and the defendant has the right of appeal.” 
          Appellant does not complain that the certification is defective. We have
reviewed the certification, as we must, and we conclude that it is not defective. See
Dears v. State, 154 S.W.3d 610, 613–15 (Tex. Crim. App. 2005) (stating that
appellate court must dismiss appeal if certification showing defendant’s right to
appeal is not made part of record and that appellate court is obligated to review record
presented in ascertaining whether the certification is defective).


 It should also be
noted that appellant is not statutorily barred from prosecuting an appeal, as he once
would have been.



          We recognize that a defendant in a non-capital felony case, as here, may waive
any rights secured to him by law, including the right to appeal, provided that such
waiver is knowingly and intelligently made. Tex. Code Crim. Proc. Ann. art. 1.14
(Vernon 2005); see Ex parte Insall, 224 S.W.3d 213, 214–15 (Tex. Crim. App. 2007). 
The Court of Criminal Appeals has determined that, in a deferred adjudication case,
“in order for a pretrial or presentencing waiver of the right to appeal to be binding at
the punishment phase of trial, the waiver must be voluntary, knowing, and
intelligent.” Delaney, 207 S.W.3d at 799. “One way to indicate that the waiver was
knowing and intelligent is for the actual punishment or maximum punishment to have
been determined by plea agreement when the waiver was made.” Id. “[S]imply
knowing the range of punishment for the offense is not enough” to make the waiver
of appeal voluntary. See id. Although Delaney is distinguishable in that, there, the
waiver at issue took place at the time the defendant agreed to deferred adjudication,
its rationale is nevertheless instructive. 
          The State asserts in its brief on appeal, and we agree, that, under Delaney,
appellant’s pre-sentencing waiver of appeal was involuntary because it was not
“bargained for.” See id. at 798–99. We conclude that, because the trial court’s live
certification, here, correctly reflects that this is not a plea bargain case, that appellant
has the right to appeal, and does not indicate that appellant waived appeal, no error
is demonstrated in this regard.  
          Appellant nevertheless contends that his substantial rights were affected by the
inconsistencies concerning whether he had a right to appeal because, “[i]f an
appellant doesn’t believe that he has the right to appeal he likely will proceed in a
different manner than if he thought he had a right to appeal.” Appellant does not
expound on this premise. Appellant does not assert that he would not have pleaded
“true,” had he known that he had a right to appeal.
          The record further shows that appellant signed under oath a waiver of
constitutional rights, agreement to stipulate, and judicial confession. The record of
the hearing on the motion to adjudicate shows that the trial court established that
appellant understood that, by pleading “true,” the court would likely find the
allegations true, that appellant would be found guilty, that his community supervision
would be revoked, and that the court could consider the entire range of punishment
for the offense, which was up to 20 years’ confinement. Appellant responded in the
affirmative. Based on the record before us, nothing is presented to support
appellant’s allegations in his brief that his plea of true was involuntary. 
          We overrule appellant’s sole issue.
                                                         Conclusion
          We affirm the judgment of the trial court.


                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley. 

Do not publish. See Tex. R. App. P. 47.2(b).