IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,059 & AP-76,060






EX PARTE TERRENCE LADON BROADWAY, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


FROM DALLAS COUNTY






 Meyers, J., delivered the opinion of the Court in which Keller, P.J.,
Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Womack, J., filed a
concurring opinion in which Johnson, J., joined. Price, J., concurred in the result. 



O P I N I O N


 

 Applicant, Terrence Ladon Broadway, pled guilty to the charges of delivery of a
controlled substance and retaliation. He chose to enter an open plea after declining the
State's plea-bargain offer. The judge assessed punishment at 25 years' imprisonment. In
his applications for writs of habeas corpus, Applicant alleged ineffective assistance of
counsel on two grounds: (1) that his counsel failed to inform him of his right to appeal his
sentence and (2) that his counsel allowed him to sign a waiver of appeal before he was
sentenced. In response, one of his attorneys filed an affidavit stating that Applicant
waived his right to appeal to induce the State to consent to the waiver of a jury trial. We
filed and set this case for submission to determine whether a defendant can voluntarily
waive his entire appeal as a part of a plea, even when sentencing is not agreed upon,
where consideration is given by the State for that waiver. We answer that question in the
affirmative and deny relief on Applicant's writs. 

I. Facts

 Applicant was charged with delivery of a controlled substance, a second-degree
felony, and retaliation, a third-degree felony. Tex. Health & Safety Code Ann. §
481.112; Tex. Penal Code Ann. § 36.06. Both indictments were enhanced by two prior
convictions, which raised the minimum punishment to 25 years' imprisonment in each
case. Tex. Penal Code Ann. § 12.42. 

 Before Applicant entered his plea, the judge reviewed the options available to him:
"Jury trial or you could take a plea bargain, which is a minimum of 25 years in prison or
do an open plea which [would] allow me to consider giving some kind of drug treatment
on probation." (1) Applicant declined the plea-bargain offer and chose to enter an open plea
with the hope that the judge would place him on deferred-adjudication community
supervision with drug treatment. In order to secure the judge's ability to consider
deferred-adjudication community supervision with drug treatment, Applicant waived his
right to a jury trial. Code Crim. Proc. Ann. art. 1.13. Applicant pled guilty to both
charges and true to the enhancement paragraphs relating to his prior convictions. At
sentencing, after reminding Applicant that no plea bargain existed, the judge assessed
punishment at 25 years' imprisonment, the minimum punishment.

 In his applications for writs of habeas corpus, Applicant alleged ineffective
assistance of counsel on the grounds that his attorneys failed to inform him of his right to
appeal his sentence and that they allowed him to sign a waiver of appeal before being
sentenced. In response, one attorney filed an affidavit stating that Applicant "waived his
right of appeal in order to induce the [S]tate to waive its right to force a jury trial in order
that he could ask the court to give him deferred adjudication probation with drug
treatment." (2) The trial court entered findings of fact and conclusions of law, concluding
that "counsel was not ineffective for failing to file a notice of appeal because Applicant
had knowingly and voluntarily waived his right to appeal prior to entering his guilty
plea." (3) The trial court recommended that relief be denied. We filed and set this case for
submission to determine whether a defendant can voluntarily waive his entire appeal as a
part of a plea, even when sentencing is not agreed upon, where consideration is given by
the State for that waiver. Ex parte Broadway, Nos. AP-76,059 & AP-76,060, 2008 Tex.
Crim. App. LEXIS 935 (Tex. Crim. App. Dec. 17, 2008) (not designated for publication). 

II. Analysis

 A defendant in any criminal action has the right of appeal. (4) Code Crim. Proc.
Ann. art. 44.02. However, a "defendant in a criminal prosecution for any offense may
waive any rights secured him by law." (5) Code Crim. Proc. Ann. art. 1.14. A waiver of
the right to appeal made voluntarily, knowingly, and intelligently will prevent a defendant
from appealing without the consent of the trial court. Monreal v. State, 99 S.W.3d 615,
617 (Tex. Crim. App. 2003). So, the question becomes whether Applicant voluntarily,
knowingly, and intelligently waived his right to appeal. Id.

 In Ex parte Delaney, 207 S.W.3d 794, 795-96 (Tex. Crim. App. 2006), the
defendant chose a similar procedural strategy; he pled guilty without an agreed
recommended sentence, waived his right to appeal, and waived his right to a jury trial. (6) 
The issue considered by this Court was whether the waiver of the right to appeal was
made voluntarily, knowingly, and intelligently given the following circumstances: (1) the
defendant signed the waiver before final adjudication and sentencing; (2) the waiver was
not bargained for; and, (3) punishment was uncertain when the waiver was signed, but the
range of punishment for the offense was known. Id. at 796. We held that a pre-trial or
pre-sentencing waiver of the right to appeal is not voluntary, knowing, and intelligent
when the consequences of the waiver are not known with certainty. Id. at 799. For two
reasons, we distinguish the present case from Delaney and conclude that Applicant
waived his right to appeal voluntarily, knowingly, and intelligently. 

A. Applicant's waiver was the result of a bargain.

 A key component to our analysis in Delaney was that the waiver of appeal was not
the result of a bargain. (7) Id. at 798. However, there was a bargain in Applicant's case
because the State gave consideration for Applicant's waiver of appeal. It was not a plea
bargain; Applicant rejected the plea bargain offered by the State and chose to enter an
open plea. (8) But a bargain of a different sort originated from Applicant's decision to
waive his right to a jury in order to ensure that the judge would be able to consider
deferred-adjudication community supervision with drug treatment. Under the Code of
Criminal Procedure, a defendant may not unilaterally waive the right to a jury trial-the
court and the State must consent to the waiver. Code Crim. Proc. Ann. art. 1.13. The
trial court found that the State did not want to consent to Applicant's waiver of a jury
trial. Therefore, Applicant induced the State to consent by waiving his right to appeal. 
This constituted a bargain and distances Applicant's case from our holding in Delaney.

B. Applicant knew the consequences of his waiver.

 In Delaney, we concluded that the defendant's waiver of appeal was not made
voluntarily, knowingly, and intelligently because the consequences of the waiver were not
"known with certainty." Delaney, 207 S.W.3d at 799. Though it was not a plea-bargain
case, our opinion endorsed a plea agreement that identified the actual punishment or
maximum punishment; but, we stated, "simply knowing the range of punishment for the
offense is not enough to make the consequences of a waiver known with certainty,
because it still does not allay the concern that unanticipated errors may occur at the
punishment phase of trial." Id. Two questions emerge regarding these guidelines for
determining certainty. 

 First, what is the significant difference between a plea agreement that establishes a
maximum punishment and a plea agreement that establishes a range of punishment? Why
is the former acceptable and the latter unacceptable when stating the maximum
punishment merely delineates one boundary of the possible range? It does not make
sense that adding a reference to the minimum sentence in a plea agreement would make
an otherwise valid waiver invalid just because the maximum has a corresponding
minimum. 

 Second, it is problematic to say that Delaney's recommended plea agreement, one
which states the actual or maximum punishment, will always produce a valid waiver. The
danger in that guarantee is that a judge who proceeds to final adjudication of guilt after
the revocation of community supervision need not assess punishment in accordance with
any plea agreement. Von Schounmacher v. State, 5 S.W.3d 221, 223 (Tex. Crim. App.
1999). The only restrictions on the judge at that point are the relevant statutory limits. Id. 
So, unless the plea agreement simply reports the statutory limits for punishment, it will
not accurately reflect the punishment that could be assessed if guilt is adjudicated. The
only thing "certain" is that the judge can assess any punishment statutorily permitted. (9) 

 The other point to be made with regard to the known consequences of waiver is
that certainty as to punishment cannot be expected when a defendant opts to decline a
plea bargain. In this case, Applicant chose to enter an open plea. The fundamental nature
of an open plea is uncertainty. If Applicant had agreed to a plea bargain, he would have
obtained the benefits provided by Article 26.13, namely an announcement from the judge
before any finding on the plea as to whether the court would follow or reject the
agreement and the opportunity to withdraw the plea if the court rejected the agreement. (10) 
Code Crim. Proc. Ann. art. 26.13. 

III. Conclusion

 In conclusion, we agree with the trial court that Applicant voluntarily, knowingly,
and intelligently waived his right to appeal. We deny Applicant relief and hold that a
defendant may knowingly and intelligently waive his entire appeal as a part of a plea,
even when sentencing is not agreed upon, where consideration is given by the State for
that waiver.

 Meyers, J.

Delivered: December 16, 2009

Publish 
1. The record consistently refers to "probation." However, Article 42.12 of the Code of
Criminal Procedure uses the term "community supervision." Code Crim. Proc. Ann. art. 42.12. 
Previous cases have used the terms interchangeably. See Ex parte Insall, 224 S.W.3d 213, 214
(Tex. Crim. App. 2007). 
2. Though Applicant admits in his applications that he signed a waiver of appeal, his plea
agreement form, signed on October 16, 2006, bears his mark next to the paragraph that reads, "I
understand that I have a right to appeal to the Court of Appeals."
3. At first glance, Applicant's decision to enter an open plea and waive his right to appeal
appears odd because the primary advantage to entering an open plea is a relatively unlimited right
to appeal. Tex. R. App. P. 25.2(a). In contrast, in a plea-bargain case, the Rules of Appellate
Procedure impose restrictions on a defendant's right to appeal. Id. Clearly, Applicant found an
open plea more appealing than the State's plea-bargain offer, even without its primary benefit.
4. However, in a plea-bargain case, a defendant may appeal only those matters that were
raised by a written motion filed and ruled on before trial, or after getting the trial court's
permission to appeal. Tex. R. App. P. 25.2(a). 
5. Note that the Code of Criminal Procedure restricts a defendant's ability to waive the
right of trial by jury in a capital felony case. Code Crim. Proc. Ann. art. 1.14.
6. The court placed the defendant on deferred-adjudication probation, but the defendant
violated the terms of his community supervision. Delaney, 207 S.W.3d at 796. Ultimately, the
court assessed punishment at confinement for life and a fine of $10,000. Id. 
7. Delaney emphasizes the absence of a bargain, but only considers agreed recommended
sentences to the exclusion of other bargaining possibilities: "When a presentencing waiver of
appeal was not bargained for in exchange for an agreed upon sentence, concerns as to the validity
of the waiver are raised." Delaney, 207 S.W.3d at 798. Though there was no plea bargain and
no agreed recommended sentence, Delaney possibly involved a different bargain, such as the one
agreed to by Applicant: the defendant waiving his right to appeal in exchange for the State
consenting to the waiver of a jury trial.
8. Applicant's plea agreement form documents his choice of an open plea over a plea
bargain. Specifically, his plea was open as to community supervision with drug treatment. There
is no agreed sentence indicated.
9. This is not the first time we have veered from Delaney's standard for certainty with
regard to the consequences of a waiver. In Insall, we remarked, "Under the reasoning of
Delaney, applicant's waiver of his right to seek habeas relief was involuntary or not 'knowingly
and intelligently made' because the plea agreement contained only the range of punishment and
not a certain punishment to be imposed if guilt was adjudicated." Insall, 224 S.W.3d 213 at 215. 
However, in that case, we determined that the applicant was nevertheless aware of the
consequences of his waiver. Id. 
10. We note that a plea bargain will not continue to protect a defendant who receives
deferred-adjudication community supervision if the court proceeds to adjudication at a later date. 
If a defendant violates the terms of the deferred-adjudication community supervision, the court
will no longer be limited by the procedures of Article 26.13, which require that the judge
sentence in accordance with the plea agreement or allow the defendant to withdraw the plea. Von
Schounmacher, 5 S.W.3d at 223 (holding that "regardless of whether the deferred adjudication
was part of a plea bargain, recommended by the prosecution, imposed by the trial court without
objection by the appellant, or granted under other circumstances, once the trial court proceeds to
adjudication, it is restricted in the sentence it imposes only by the relevant statutory limits").