# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00728-CR

**The State of Texas, Appellant**

**v.**

**Daniel Misiaszek, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY,
NO. 12-1838CR, HONORABLE LINDA RODRIGUEZ, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Daniel Misiaszek was charged with assaulting his wife Kathy Misiaszek. *See* Tex. Penal Code § 22.01 (setting out elements of assault). Subsequently, Misiaszek and the State entered into a deferred prosecution agreement. Under the agreement, in exchange for the State agreeing to "conditionally dismiss the offense," Misiaszek agreed to "knowingly and voluntarily waive," among others, the following rights: to remain silent, to an attorney, to a speedy trial, to a trial by jury, to confront and cross-examine witnesses, and to secure the appearance of witnesses. In another section, the agreement specified that Misiaszek was charged with committing assault family violence, that he was the person named in the allegations, that he understood the allegations against him, and that he "voluntarily confess[ed] that they are true." Finally, the agreement set out the consequences that would occur if Misiaszek failed to comply with the terms of the agreement, including that he agreed to plead guilty to the charges and stipulated that the confession contained in the agreement would be admissible against him.

After the agreement was signed by the parties and after the State dismissed the case, Misiaszek was allegedly involved in another altercation. Consequently, the State re-filed the information alleging that Misiaszek had assaulted his wife. In response, Misiaszek filed a motion to quash asserting that "the information against Misiaszek should be quashed and the case against him dismissed." When making that claim, Misiaszek contended that the allegations in the deferred prosecution agreement formed "the basis of the State's claims in this case" but that the agreement was constitutionally deficient, that the agreement was statutorily deficient, and that the State could not enforce the agreement. Further, Misiaszek argued that those defects could not be remedied. Consequently, Misiaszek urged the trial court to dismiss the information as well as the case against him. Although the motion did not mention the word jurisdiction, it essentially asserted that the information and case should be quashed because the allegations in the agreement did not invoke the trial court's jurisdiction.

After reviewing the motion and convening a hearing on the issue, the trial court granted the motion to quash and dismissed the case. As with Misiaszek's motion, the trial court's order does not contain the word jurisdiction, but the disposition of the order indicates that the trial court determined that the allegations in the agreement failed to invoke the jurisdiction of the court because the agreement was defective. In fact, in the trial court's separately issued findings of fact and conclusions of law, the court gave various reasons why the agreement was defective, specified that the agreement had "jurisdictional defects," and explained that the information and case were being dismissed because the agreement "and alleged violation thereof is the mechanism by which the second information was filed."

Around the time that the trial court issued its order, the State appealed the trial court's ruling. *See* Tex. Code Crim. Proc. art. 44.01(a)(1) (authorizing State to appeal order dismissing "an indictment, information, or complaint"); *see also* Tex. R. App. P. 27.1(b) (explaining that prematurely filed notices of appeal are effective and deemed filed on same day "appealable order is signed by the trial court"). We will reverse the trial court's order and remand the case for further proceedings.

## DISCUSSION

In its brief, the State presents six issues. The State's last two issues attack the decision by the district court to dismiss the information and case against Misiaszek. Specifically, in its fifth issue, the State alleges that the "trial court erred by dismissing the instant information without the State's consent." In its final issue, the State urges that the "trial court erred by dismissing the instant information as a remedy for a finding that the [agreement] was entered into involuntarily." Instead, the State contends that the appropriate "remedy for the withdrawal or abandonment of a plea bargain is to place all parties as they were prior to the plea bargain, not to dismiss the charging instrument." In its four other issues on appeal, the State attacks various conclusions regarding the propriety of the agreement that the trial court made after it dismissed the information and case.[1] However, the

---

[1] Regarding the challenged conclusions, the State alleges in its first four issues that the trial court's ruling effectively prohibited the State from introducing the confession that was contained within the agreement even though the confession was signed and freely and voluntarily made, that the trial court erroneously determined that the inadvertent substitution of the phrase "Travis County" for "Hays County" in various portions of the agreement somehow rendered the document jurisdictionally infirm, and that the trial court erred when it concluded that the confession portion of the agreement was improper because Misiaszek "was not duly admonished" by his attorney or "by any Court before executing the" agreement.

3

relief requested by Misiaszek and the disposition of the trial court's ruling demonstrate that the only issue before this Court is whether the trial court improperly dismissed the information and case.

The information at issue was styled "STATE OF TEXAS VS. DANIEL MISIASZEK" and specified that the offense in question was "ASSAULT BODILY INJURY FAMILY VIOLENCE." More particularly, the information alleged that Misiaszek "on or about" October 18, 2010, "did then and there intentionally, knowingly, or recklessly cause bodily injury to Kathy Misiaszek by pushing Kathy Misiaszek on or about the torso with [Misiaszek]'s hand." In addition, the information clarified that Kathy Misiaszek was a member of Misiaszek's family or was in a dating relationship with Misiaszek and that the offense took place in Hays County. The information was filed in May 2012, and the parties do not dispute that this information was filed within the applicable statute-of-limitations period. *See* Tex. Penal Code § 22.01(b) (providing that assault is class A misdemeanor or third-degree felony in certain circumstances); Tex. Code Crim. Proc. arts. 12.02(a) (requiring information in class A misdemeanor to be filed within two years of offense), .01 (imposing lengthier limitations periods on felony offenses).

In light of the above, we cannot conclude that the terms of the information were fundamentally defective or failed to invoke the jurisdiction of the trial court. *See* Tex. Const. art. V, § 12(b) (providing that "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the case"); *see also Teal v. State*, 230 S.W.3d 172, 180 (Tex. Crim. App. 2007) (providing that if allegations in instrument "are clear enough that one can identify the offense alleged," "the indictment is sufficient to confer subject matter jurisdiction"); *Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim. App. 1990) (explaining that if instrument purports to charge

4

offense and "is facially an indictment," then its presentation "invests the trial court with jurisdiction to consider the case"). Under these circumstances, any alleged defects in the agreement would have been irrelevant to the jurisdictional inquiry undertaken by the trial court.

When supporting the trial court's ruling, Misiaszek notes that the court of criminal appeals has sanctioned decisions by trial courts to dismiss charging instruments and cases without the State's consent in certain circumstances. Although the court of criminal appeals has explained that trial courts have no inherent authority allowing them to dismiss a case without the consent of the State regardless of whether the dismissal is with prejudice, *State v. Plambeck*, 182 S.W.3d 365, 369-70 (Tex. Crim. App. 2005), the court has also reasoned that there are certain circumstances in which a trial court may dismiss without the State's consent when authorized by constitutional, statutory, or common law, *State v. Mungia*, 119 S.W.3d 814, 816 (Tex. Crim. App. 2003). For example, the court recognized that dismissals have properly been made when a defendant's right to a speedy trial has been violated, when a charging instrument is defective, when a defendant has been detained but no charges have been presented, and when a defendant has suffered demonstrable prejudice due to a violation of his right to counsel that cannot be otherwise cured. *Id.* (citing *State v. Frye*, 897 S.W.2d 324, 330-31 (Tex. Crim. App. 1995); *State v. Johnson*, 821 S.W.2d 609, 612 n.2 (Tex. Crim. App. 1991)); *see State v. McNutt*, 405 S.W.3d 156, 160 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see also Mungia*, 119 S.W.3d at 817 (explaining that constitutional violation must have actually occurred and not be speculative). However, the court also warned that dismissing a charging instrument is "'a drastic measure only to be used in the most extraordinary circumstances.'" *Mungia*, 119 S.W.3d at 817 (quoting *Frye*, 897 S.W.2d at 330).

5

In his brief, Misiaszek acknowledges that the court of criminal appeals "has never approved of the dismissal of claims against an accused under identical facts," but he notes that the court of criminal appeals has hinted that there may be situations other than the ones summarized above in which a trial court may properly dismiss a charging instrument and a case without the State's consent. *See id.* at 816. However, the facts of this case do not present the type of "extraordinary circumstances" warranting an extension of a trial court's limited power in this regard. *See id.* at 817. The fact that the trial court perceived some alleged defects in a potential item of evidence from the State has no bearing on whether the trial court had jurisdiction over this case.[2] Accordingly, we conclude that the trial court abused its discretion by dismissing the information and the case against Misiaszek without the State's consent. *See id.* (explaining that trial court abuses its discretion when it dismisses charging instrument in absence of violation requiring dismissal); *see also State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005) (stating that trial court abuses its discretion if its ruling is arbitrary or unreasonable); *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002) (providing that trial court abuses its discretion if its ruling lies outside zone of reasonable disagreement). We therefore sustain the State's fifth issue on appeal.

Having determined that the trial court had jurisdiction over this case and that the trial court did not otherwise have the authority to dismiss in the absence of the State's consent, we

---

[2] *See In re Expunction of Jones*, 311 S.W.3d 502, 505 (Tex. App.—El Paso 2009, no pet.) (stating that defendants may enter into agreements waiving their rights and that individual entering into agreement is charged with knowledge regarding its terms as well as its effect); *cf. Ex parte Insall*, 224 S.W.3d 213, 214-15 (Tex. Crim. App. 2007) (explaining that defendants may waive rights and that waiver "is judicially enforceable" unless not intelligently and knowingly made); *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000) (providing that if no unfairness occurred, State should be able to insist on benefit of bargain entered into with defendant).

have answered the only question properly before us in this appeal. Accordingly, we need not reach the State's sixth issue on appeal containing its alternative challenge to the dismissal. Moreover, as discussed above, the State's first four issues challenged various conclusions made by the trial court regarding the deferred prosecution agreement, but the propriety of the agreement and, therefore, those conclusions are not pertinent to the inquiry before this Court. For those reasons, we do not reach the State's first four issues. *See Pfeiffer v. State*, 363 S.W.3d 594, 601 (Tex. Crim. App. 2012) (explaining that appellate courts are not authorized to issue advisory opinions).

## CONCLUSION

Having determined that the trial court had jurisdiction over this case and improperly dismissed the information and the case, we reverse the trial court's order and remand the case for further proceedings.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Remanded

Filed: December 10, 2014

Do Not Publish