ACCEPTED
01-14-00832-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/1/2015 3:27:39 PM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00832-CR

In the
## Court of Appeals
For the
## First District of Texas
At Houston

———————◆———————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/1/2015 3:27:39 PM

CHRISTOPHER A. PRINE
Clerk

## No. 1173963
In the 183rd District Court
Of Harris County, Texas

———————◆———————

# JOSEPH DARYL MATHIS
*Appellant*
V.
# THE STATE OF TEXAS
*Appellee*

———————◆———————

## STATE'S APPELLATE BRIEF

———————◆———————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALAN CURRY**
State Bar No: 05263700
Assistant District Attorney
Harris County, Texas

**JOSEPH SANCHEZ**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel.: 713/755-5826
FAX No.: 713/755-5809
curry_alan@dao.hctx.net

ORAL ARGUMENT REQUESTED ONLY IF REQUESTED BY APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 9.4(g) and TEX. R. APP. P. 39.1, the State requests oral argument only if oral argument is requested by the appellant.

## <u>IDENTIFICATION OF THE PARTIES</u>

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Complainant, victim, or aggrieved party:

**B. Goldstein**

Counsel for the State:

**Devon Anderson** ⎯ District Attorney of Harris County

**Alan Curry** ⎯ Assistant District Attorney on appeal

**Joseph Sanchez** ⎯ Assistant District Attorney at trial

**Susan Bishop** ⎯ Assistant District Attorney at trial

Appellant or criminal defendant:

**Joseph Daryl Mathis**

Counsel for Appellant:

**Juan Contreras** ⎯ Counsel on appeal

**Enrique Ramirez** ⎯ Counsel at trial

**Andre Ligon** ⎯ Counsel at trial

Trial Judge:

**Hon. Vanessa Velasquez** ⎯ Presiding Judge

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................................i

IDENTIFICATION OF THE PARTIES .................................................. ii

INDEX OF AUTHORITIES.......................................................................iv

STATEMENT OF THE CASE.....................................................................1

STATEMENT OF FACTS...........................................................................1

SUMMARY OF THE ARGUMENT ............................................................2

REPLY TO SOLE POINT OF ERROR.........................................................2

CONCLUSION.........................................................................................4

CERTIFICATE OF COMPLIANCE.............................................................5

CERTIFICATE OF SERVICE ...................................................................6

# INDEX OF AUTHORITIES

**CASES**

*Dears v. State,*
    154 S.W.3d 610 (Tex. Crim. App. 2005) ...................................................................3

*Ex parte Insall,*
    224 S.W.3d 213 (Tex. Crim. App. 2007) ...................................................................3

*Gutierrez v. State,*
    108 S.W.3d 304 (Tex. Crim. App. 2003) ...................................................................3

*Hargesheimer v. State,*
    182 S.W.3d 906 (Tex. Crim. App. 2006) ...................................................................3

**RULES**

TEX. R. APP. P. 38.2(a)(1)(A)................................................................................. ii

TEX. R. APP. P. 39.1............................................................................................ i

TEX. R. APP. P. 9.4(g) ......................................................................................... i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with the felony offense of aggravated assault of a public servant (C.R. 13). The appellant entered a plea of guilty to the offense in accordance with a plea bargain with the State (C.R. 60-61). After the trial judge found that the evidence substantiated the appellant's guilt, she placed the appellant on probation for five years (C.R. 66). The State later filed a motion to adjudicate the appellant's guilt, alleging that the appellant had violated several conditions of his probation (C.R. 101-02). After the trial judge found several allegations in the State's motion to adjudicate to be true, she assessed the appellant's punishment at confinement for seven years in prison (C.R. 118; R.R. II-53). A written notice of appeal was timely filed (C.R. 115, 120).

———————◆———————

## STATEMENT OF FACTS

The State challenges all factual assertions in the appellant's brief and presents its account of the facts within its reply to the appellant's sole point of error.

———————◆———————

## SUMMARY OF THE ARGUMENT

The record does not clearly reflect how the appellant pleaded to the allegations in the State's motion to adjudicate. This Court may not have enough information from this record in order to reform the judgment, but the State is not opposed to however this Court rules.

———————◆———————

## REPLY TO SOLE POINT OF ERROR

Under his sole point of error, the appellant claims, "The trial court mistakenly entered a judgment that appellant plead 'true' to the allegations in the motion to adjudicate rather than 'not true.'" The appellant claims that the judgment in this case should be reformed to reflect that the appellant pleaded "not true" to the allegations in the State's motion to adjudicate. The record does not clearly reflect the appellant's plea to the motion to adjudicate, although—in his testimony at the hearing on the motion to adjudicate—the appellant clearly agreed to several of the allegations set forth in the State's motion to adjudicate (R.R. II-32-45). The appellant correctly notes that the docket sheet reflects that the appellant pleaded "not true" to the allegations in the State's motion to adjudicate (C.R. 144).

The appellant does not otherwise challenge the sufficiency of the evidence to support the trial court's findings of "true" concerning several of the allegations in the

2

State's motion to adjudicate. The appellant does not otherwise claim that the trial judge abused her discretion in ultimately adjudicating the appellant's guilt. With regard to his rights on appeal, there is no real significance to how a defendant pleads to a motion to adjudicate his guilt or a motion to revoke his probation. *See Ex parte Insall,* 224 S.W.3d 213, 215 (Tex. Crim. App. 2007) (citing *Gutierrez v. State,* 108 S.W.3d 304 (Tex. Crim. App. 2003)); *Hargesheimer v. State,* 182 S.W.3d 906, 912 (Tex. Crim. App. 2006) (citing *Dears v. State,* 154 S.W.3d 610, 613 (Tex. Crim. App. 2005)). As the appellant is seeking no more relief than reformation, the State leaves with this Court the decision as to whether to reform the judgment in this case.

———————◆———————

## CONCLUSION

It is respectfully submitted that all things are regular and that the conviction should be affirmed.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

# CERTIFICATE OF COMPLIANCE

The undersigned attorney certifies that this computer-generated document has a word count of 535 words, based upon the representation provided by the word processing program that was used to create the document.

/s/ **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

5

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been mailed to the appellant's attorney at the following address on April 1, 2015:

Juan M. Contreras, Jr.
Attorney at Law
102 South Lockwood
Houston, Texas  77011

/s/  **Alan Curry**

**ALAN CURRY**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 05263700
curry_alan@dao.hctx.net

Date:  April 1, 2015