

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                              | § |                          |
| ---------------------------- | - | ------------------------ |
|                              | § | No. 08-13-00011-CR       |
|                              | § | Appeal from              |
| EX PARTE:  BENJAMIN JIMENEZ  | § | 384th District Court     |
|                              | § | of El Paso County, Texas |
|                              | § | (TC # 20030D02100-384-1) |
|                              | § |                          |

**O P I N I O N**

Benjamin Jimenez appeals from an order denying his application for writ of habeas corpus.  We affirm.

**FACTUAL SUMMARY**

An El Paso grand jury returned an aggravated robbery indictment alleging that Appellant, on March 30, 2003, while in the course of committing theft and with the intent to obtain and maintain control of property, intentionally and knowingly threatened and placed David Siqueiros in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, to-wit: an ice pick, that in the manner of its use and intended use was capable of causing death and serious bodily injury.  On February 11, 2004, Appellant waived his right to a jury trial and entered a negotiated plea of guilty to the lesser-included offense of robbery.  In accordance with the plea bargain, the trial court assessed punishment at imprisonment for a term of ten years, probated for

ten years.

More than eight years later, Appellant filed a writ application alleging ineffective assistance of counsel due to trial counsel's failure to investigate the facts of the case before advising him to plead guilty. In his affidavit attached to the writ application, Appellant stated that he and two other men went to a pawnshop on March 31, 2003 and stole a computer. While running from the scene, a vehicle struck Appellant and he was unable to continue running. After EMTs determined Appellant was not seriously injured, he was taken to the El Paso County Jail. The following day, officers took Appellant out of his cell and interviewed him about a robbery that had taken place on Alabama Street. At first, Appellant denied knowing anything about the robbery but he eventually gave the officers a false statement admitting he had committed the robbery. He told the officer that he used an icepick to break into the car and he covered his hands with a "do-rag". Appellant later hired Ronald Henry to represent him. Appellant claimed he told Henry he wanted to avoid deportation at any cost. Appellant also told Henry the same story as in his affidavit. On February 11, 2004, Appellant went to court and Henry told him that the State had offered a plea bargain and the best thing for him to do was plead guilty. Appellant followed that advice and pled guilty.

The State filed an answer and attached the transcription of the guilty plea hearing. Appellant filed a reply to the State's answer in which he continued to assert that trial counsel had failed to investigate the facts of the case, and as a result, counsel failed to discover the differences between the victim's and Appellant's statements. Appellant attached to his reply a copy of a statement given by the victim, David Siqueiros, on October 19, 2012. Siqueiros stated

he had been out with friends at the Alabama Inn and he walked to his car during the early morning hours of March 30, 2003. He saw a man in his car trying to steal his car stereo. The man was wearing latex gloves. Siqueiros hit the man in the face and the man got on top of Siqueiros and tried to stab him with a screwdriver. After Siqueiros hit the man in the face several times, the man got off of him and ran away. Siqueiros had read Appellant's statement and he questioned whether the police had arrested the right man.

At the evidentiary hearing, Appellant called Siqueiros as a witness. Siqueiros testified he had exited the Alabama Inn and was walking to his car on March 30, 2003, when he saw his car's dome light was on and someone was in his car. As he got closer, he saw the man was wearing latex gloves and was in the process of removing his car's stereo with a screwdriver. Siqueiros startled the man by asking him what he was doing and he turned and looked at Siqueiros. When Siqueiros saw the man's face, his first reaction was to punch the man in the face. The man got on top of Siqueiros and tried to stab him with the screwdriver but Siqueiros punched him in the face three times before the man got off of him and fled. Detectives later showed Siqueiros a photo lineup and he picked out the man who had been in his car.

Siqueiros met with a prosecutor once but he did not remember meeting with Appellant's lawyer or investigator. Siqueiros had reviewed Appellant's statement prior to the writ hearing and he had noticed some differences. Even though Appellant said in his statement that he used an icepick to get into the vehicle, Siqueiros recalled that Appellant had a screwdriver in his hand. Appellant also claimed that he saw Siqueiros walking towards him but Siqueiros said that was not possible because he walked up from the back of the car. Appellant said in his statement he

was wearing a "do-rag" but Siqueiros did not see a do-rag and he recalled that he could see the man's hair.

During the hearing, Siqueiros looked at Appellant's booking photo which did not depict the injuries Siqueiros expected to see from the punches he landed on the man's face. For example, Siqueiros expected the man to have two black eyes. Siqueiros expressed doubts that the person in the booking photo was the same person who had been in his car. During cross-examination, however, the prosecutor asked Siqueiros to review State's Exhibit 1, which is a photograph of Appellant, and asked him whether he recognized the man. Siqueiros said that he recognized the man because he looked like the man he fought after catching him stealing his car stereo. On re-direct, Appellant's attorney asked Siqueiros whether he was 100 percent sure and Siqueiros replied: "Based on everything that -- that was given to me, I -- I can't say that it is. His features look exactly the same of the person I got in a fight with."

Appellant also introduced the testimony of Daniel Salvador Gonzalez, a lawyer with approximately ten years' experience in criminal law. Gonzalez had reviewed the file and found some discrepancies. As a result of those discrepancies, he would have investigated the facts enough to satisfy himself that Appellant was guilty before recommending that Appellant enter guilty plea. He refused to state, however, that the investigation done by trial counsel was insufficient. Gonzalez did not testify that he would have advised Appellant to reject the plea offer and go to trial.

The State introduced the affidavit of Appellant's trial attorney, Ron Henry. Henry averred that if Appellant had told him he was innocent, he would not have allowed Appellant to

plead guilty. Henry stated that the complainant picked Appellant out of a photo lineup and he told police he had punched the robber in the nose. Appellant admitted to Henry that he had been punched in the face on the date of the robbery. The trial court denied the writ application and entered written findings of fact and conclusions of law. The court made the following findings:

- The victim, David Siqueiros, testified that Appellant's booking photograph looked like the person he fought with and the person had the same features as the person who attempted to steal his car stereo.

- Mr. Siqueiros stated that he saw a person stealing his car stereo and confronted him on March 30, 2003.

- Mr. Siqueiros stated that the individual stealing his car stereo attacked him with a screwdriver and Mr. Siqueiros punched him several times.

- The individual attempting to steal the car stereo eventually escaped.

- The next day, March 31, 2003, Appellant was arrested on an unrelated theft charge.

- The detectives working on the aggravated robbery case were present at the jail when Appellant was being booked in on the theft charge.

- The detectives suspected Appellant may have been the person who committed the aggravated robbery.

- Appellant eventually admitted that he had committed the aggravated robbery and provided a written statement to police.

- In his affidavit, Ronald Henry also stated that the Appellant admitted to him that he had been punched during the aggravated robbery. This was consistent with Mr. Siqueiros' testimony.

The trial court found the affidavit of Mr. Henry and the testimony of Siqueiros to be credible. The court also resolved the conflict between the affidavits of Appellant and Mr. Henry against Appellant.

The trial court made the following conclusions of law:

- Based on the pleadings and the testimony at the hearing that Appellant failed to show that trial counsel had not investigated the facts of the case.

- The evidence against Appellant was strong and counsel did not render deficient performance.

- Trial counsel had rendered effective assistance because he secured a plea agreement which allowed Appellant to plead guilty to the lesser-included offense and receive a probated sentence.

- Appellant had failed to prove that the outcome of the proceedings would have been any different but for the actions of his trial counsel.

Based on the evidence, testimony, arguments, and these findings and conclusions, the trial court found that Appellant's application for writ of habeas corpus was without merit and the court denied the requested relief.

## INEFFECTIVE ASSISTANCE

In a single issue, Appellant challenges the trial court's determination that he failed to establish he was deprived of the effective assistance of counsel at trial.

### *Standard of Review and Relevant Law*

The constitutions of both the United States and Texas guarantee an accused the right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2005). This right includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 683-86, 104 S.Ct. 2052, 2062, 80 L.Ed.2d 674 (1984); *Ex parte LaHood*, 401 S.W.3d 45, 49 (Tex.Crim.App. 2013). Ineffective assistance of counsel claims are cognizable on habeas review, and to determine whether to grant habeas relief for ineffective assistance of counsel, Texas courts apply the standard set forth in *Strickland v. Washington*. *LaHood*, 401 S.W.3d at 49; *Ex parte Martinez*, 330 S.W.3d 891, 900

(Tex.Crim.App. 2011).  Under that standard, the applicant is required to show that: (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and according to the necessity of the case, and (2) counsel's performance prejudiced his defense.  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *LaHood*, 401 S.W.3d at 49; *Ex parte Moore*, 395 S.W.3d 152, 156-57 (Tex.Crim.App. 2013).  A failure to make a showing under either prong defeats an ineffective assistance claim.  *See  Rylander v. State*, 101 S.W.3d 107, 110 (Tex.Crim.App. 2003).

The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence.  *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998).  In analyzing a claim for ineffective assistance, we begin with the strong presumption that counsel was competent.  *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *LaHood*, 401 S.W.3d at 50.  Thus, the applicant must overcome the presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and that, under the circumstances, the challenged action might be considered sound trial strategy.  *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999).  Counsel's action or inaction will be found to be reasonable if the record is silent as to the facts, circumstances, or rationale behind a particular course of action.  *Id*.

The right to effective assistance of counsel extends to a defendant at a guilty plea hearing.  *Martinez*, 330 S.W.3d at 900; *Ex parte Reedy*, 282 S.W.3d 492, 500 (Tex.Crim.App. 2009).  The test for determining the validity of a plea is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant.  *Hill v. Lockhart*,

474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). A defendant's sworn representation that his guilty plea is voluntary constitutes a formidable barrier in any subsequent collateral proceedings. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006).

A defendant challenging the voluntariness of his plea based on ineffective assistance bears the burden to prove that: (1) counsel's performance fell below a reasonable standard of competence; and (2) the defendant would, with a reasonable probability, have pled not guilty and insisted on going to trial had counsel not committed the alleged errors. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex.Crim.App. 1999).

In a post-conviction writ of habeas corpus proceeding, the applicant bears the burden of proving, by a preponderance of the evidence, the facts that would entitle him to relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex.Crim.App. 2002). When reviewing the trial court's decision to grant or deny habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling and uphold it absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007). A reviewing court should afford almost total deference to the trial court's determination of the historical facts that are supported by the record, especially when the fact findings are based on an evaluation of credibility and demeanor. *Id*. That same level of deference is afforded to a trial court's ruling on application of law to fact questions, sometimes referred to as mixed questions of law and fact, if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id*. We will engage in *de novo* review of those "mixed questions of law and fact" that do not depend upon credibility and demeanor. *Id.*

*Failure to Investigate*

A criminal defense attorney has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066; *see Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App. 1990)(counsel has a duty to make an independent investigation of the facts of a case, which includes seeking out and interviewing potential witnesses). A breach of the duty to investigate may result in a finding of ineffective assistance "where the result is that any viable defense available to the accused is not advanced." *Ex parte Ybarra*, 629 S.W.2d 943, 946 (Tex.Crim.App. 1982). A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Wiggins v. Smith*, 539 U.S. 510, 521-22, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. Further, in assessing counsel's investigation, we must conduct an objective review of his performance, measured for reasonableness under prevailing professional norms, which includes a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time. *Wiggins*, 539 U.S. at 523, 123 S.Ct. at 2536.

The record of the plea hearing reflects that Appellant was properly admonished and he entered his guilty plea knowingly and voluntarily. When asked by the trial court whether the decision to plead guilty was his own decision or his attorney's, Appellant replied that it was his decision. Appellant argues that trial counsel failed to investigate the facts of the case and he did not discover contradictions and inconsistencies between the statements of Appellant and the

victim which he claims are sufficient to create a reasonable doubt at trial. Appellant maintains that if trial counsel had conducted an investigation, he would not have recommended that Appellant enter a plea of guilty. The trial court found, however, that Appellant failed to prove that trial counsel failed to investigate the facts. While Appellant speculated that trial counsel did not conduct an investigation, he failed to introduce any evidence supporting this assertion. Simply put, there is no evidence in the record regarding the nature or extent of trial counsel's investigation of the facts. Thus, the trial court correctly concluded that Appellant did not satisfy his burden of showing that trial counsel failed to investigate the facts of the case. We overrule Appellant's sole issue and affirm the trial court's order denying habeas corpus relief.

October 8, 2014

                                    ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.
(Rivera, J., not participating)

(Do Not Publish)

- 10 -